# GEO. H. FITZGERALD & CO. *v.* GRAND TRUNK R. R. CO.

### *Obligation of Contract.   Interstate Commerce Act.*
### *Rebates illegal at common law.*

1.  The obligation of a contract in law is that element of duty or promise which a party can be compelled to perform.
2.  Before the passage of the Interstate Commerce Act the defendant promised to pay the plaintiffs a rebate of six dollars a car on 170 car-loads of lumber, which the plaintiffs promised to furnish it for transportation. The plaintiffs delivered and the defendant transported 73 car-loads before and 97 after that act took effect. The defendant paid the rebate on the 73 cars. This suit was to recover it upon the remaining 97. The agreed case was that the plaintiffs should have judgment unless their right to recover was "barred" by the Interstate Commerce Act. *Held*, that the plaintiffs could not recover; for the contract was void at common law as a discrimination, and being void, the plaintiffs never had any right under it which could be barred.
3.  *Semble*, since the Constitution of the United States expressly confers upon Congress power to regulate commerce between the states, which this was, any contract, like this, in reference to such commerce must be presumed to have been made in contemplation of the possible exercise of that power, and the obligation of such a contract would not be impaired thereby.

Assumpsit.   Heard upon an agreed statement of facts at the March term, Essex county, 1889, Veazey, J., presiding.   Judgment, *pro forma*, for the defendant.   The plaintiffs except. The case appears in the opinion.

*L. H. Thompson*, for the plaintiffs.

The plaintiffs are to recover unless barred by the Interstate Commerce Act.   This act does not bar their right of recovery.

It is not retrospective by its terms, and it will not be so construed.

*R. R. Co.* v. *Richmond*, 19 Wall. 584; *Chew Heong* v. *U. S.*, 112 U. S. 536; *U. S.* v. *Heth*, 3 Cranch 399; *Chicago & Alton R. R. Co.* v. *The Chicago Vermiliol & Wilmington Coal Co.*, 79 Ill. 111, 121; *Brown* v. *Houston*, 114 U. S. 622; *Walling* v. *Michigan*, 116 U. S. 446.

This contract would not be void if made after the passage of that act. The act does not prohibit a low rate. It prohibits discriminations, and the defendant should have reduced their other rates to correspond with this.

*London & N. W. Ry. Co.* v. *Evershed*, 3 L. R. App. Ca.; *Menacho* v. *Wood*, 27 Fed. Rep. 630; *Baxendale* v. *Eastern Counties Railway Co.*, 93 E. C. L. 61; *Branley* v. *South Eastern Ry. Co.*, 104 E. C. L. 63; *Spofford* v. *Boston & Maine R. R.*, 128 Mass. 328.

Even if the six dollars a car was a rebate, the defendant cannot refuse payment after shipment made. *Cowdrey* v. *R. R. Co.*, 1 Wood 331, 335.

Congress cannot impair the obligation of a contract. *M' Cullock* v. *Maryland*, 4 Wheat. 405; *Union Pac. R. R. Co.* v. *U. S.*, 99 U. S. 700; *R. R. Co.* v. *Richmond*, 19 Wall. 584.

Nor take away vested rights without compensation. Cool. Con. Lim. 450; *Griffin* v. *Wilcox*, 21 Ind. 370; *Johnson* v. *Jones*, 44 Ill. 142; *Hubbard* v. *Brainerd*, 35 Conn. 563; 5th Art. of Amnd. to Const. of U. S.

*Ossian Ray and Geo. N. Dale*, for the defendant.

All contracts relating to interstate commerce are subject to such regulations as Congress may make in reference thereto.

Cool. Con. Lim. No. 574.

Citizens have no vested rights in the existing laws of a state which can prevent their alteration or repeal, Cool. Con. Lim.

Fitzgerald & Co. *v.* Grand Trunk R. R. Co.

No. 284; *Thorpe* v. *Railroad*, 27 Vt. 140; *Ogden* v. *Sanders*, 12 Wheat. 214.

The contract was void at common law and could not have been enforced had the Interstate Law never been enacted. It was an unreasonable discrimination and against public policy.

*New England Express Co.* v. *M. C. Railway Co.*, 57 Me. 188; 2 Red. Am. R. R. Cas. 62; *McDuffee* v. *Railroad*, 52 N. H. 430; *Messenger et al.* v. *Railroad*, 36 N. J. L. 407, 531; *Audenried* v. *Railroad*, 68 Penn. 370; *Railroad Co.* v. *People*, 67 Ill. 16; *Railroad Co.* v. *Irvin*, 118 Ill. 250; *People* v. *St. L. & Pac. Ry.*, 104 Ill. 652; *Railroad Co.* v. *People*, 56 Ill. 365; *Railroad Co.* v. *Parks*, 18 Ill. 460, 464; *Scofield* v. *Railroad Co.*, 43 Ohio St. 561; *Hayes & Co.* v. *The Penn. Co.*, (Ohio) 12 Fed Rep. 309; *Root* v. *Railroad Co.*, 114 N. Y. 300; *Menacho* v. *Ward*, (N. Y.) 27 Fed. Rep. 529; Pierce R. R. 498; *Railroad Co.* v. *Railroad Co.*, (Colo.) 110 U. S. 667; *Fitchburg Railroad Co.* v. *Gage et al.*, 78 Mass. 393.

The opinion of the court was delivered by

POWERS, J.   The agreed facts in substance are, that prior to the passage of the Interstate Commerce Act the defendant promised to pay the plaintiffs a rebate of six dollars upon each of the 170 car loads of lumber which the plaintiffs were to deliver to the defendant for transportation from Island Pond to points in Massachusetts ; that the usual charges made to all shippers for such freight to such destination was $38 per car load ; that prior to April 5, 1887, (the day on which the Interstate Commerce Act took effect) the plaintiffs had delivered 73 car loads for transportation as aforesaid, and after that date had delivered the remaining 97 car loads, all of which the defendant had carried to its destination ; that the defendant has paid the six dollars rebate to the plaintiffs on the 73 carloads, and this suit is brought to recover such rebate on the 97 carloads.   The plaintiffs have in all respects fully performed their contract and the sole question is : can they

recover the rebate on the lumber delivered for transportation according to the contract, after said April 5th? It was suggested in argument that it did not affirmatively appear but that the six dollars rebate was allowed to all other patrons of the defendant shipping lumber to the same points, and so no discrimination was made in the contract in the plaintiffs' favor. But this is not the fair construction of the agreed facts, and the counsel on both sides have argued the case upon the theory that this rebate was a favor and advantage given the plaintiffs and not enjoyed by other patrons.

Many sound reasons might be urged in support of the proposition that Congress, upon those principles of justice and equity which underlie all law, cannot pass a law which will destroy, or impair the obligation of existing contracts, except in bankruptcy and other instances specially enumerated in the Constitution. The Federal Constitution expressly prohibits the passage of such laws by the states, but is silent respecting the power of Congress so to do. But whatever may be said upon that question, it is not involved in this case.

The agreed case is that "unless the plaintiffs' right to recover is *barred*" by the Interstate Commerce Act, the plaintiffs are to recover. This right of recovery *is* barred if Congress in the passage of the Interstate Act exceeded its power. It exceeded its power if it impaired the obligation of an existing contract. This is the syllogism that the argument upon this branch of the case is reduced to. The obligation of a contract in law is that element of duty or promise which a party can be compelled to perform. If performance cannot be compelled, there is no legal obligation in the contract. The contract in question, as it stood when made and down to April 5, 1887, is to be tested by the principles of the common law. At common law, common carriers were held to be persons who exercised their calling for the public good upon equal terms, and with the same facilities to all their customers. They could not lawfully exercise their calling

by granting advantages to one customer which they denied to another, but were held to the duty of serving all alike. Their calling is one public in its nature and the common law exacted of them a strict impartiality in their dealings with the public. If the plaintiffs could transport their lumber to market for six dollars per carload less than their neighbors, they would soon have a monopoly of the business.

Many cases might be cited to show that, at common law, all such special terms and favoritism are illegal. *Messenger* v. *Railroad Co.*, 36 N. J. Law 407, is a representative case, in which Beasley, Ch. J., states the doctrine of the common law with great clearness and force. See also *Audenried* v. *R. R. Co.*, 68 Penn. 370; *McDuffee* v. *R. R. Co.*, 52 N. H. 430; *Express Co.* v. *R. R. Co.*, 57 Maine 188 ; Pierce on Railroads 498.

This contract then at the common law had no legal binding force so long as it was executory ; no *obligation* which could be enforced and therefore no *obligation* which the Interstate Commerce Act could either *impair* or *destroy.* The Interstate Act therefore did not in its operation upon this contract disturb any vested rights because no legal *rights* were vested when the contract was made. So long as the parties to the contract executed it, each was safe from any liability to the other by reason of such performance. In such cases the law leaves the parties just where they leave themselves.

In this case it is to be noted that the contract called for a transportation of the lumber through three states. Such carriage therefore is commerce between three states within the meaning of Art. 1, Sec. 8 of the Federal Constitution. Such commerce is solely regulated by Congress, and when parties make contracts to engage in interstate commerce they are held to do so upon the basis and with the understanding that changes in the law applicable to their contracts may be made. There can in the nature of things be no vested right in an existing law which precludes its change or repeal, nor vested right in the omission to legislate up-

on a particular subject, which exempts a contract from the effect of subsequent legislation upon its subject matter by competent legislative authority.

Cooley's Constitutional Limitations 574, 284.

*Thorpe* v. *R. R. Co.*, 27 Vt. 140.

*Ogden* v. *Saunders*, 12 Wheaton 214.

*State* v. *Holmes*, 38 N. H. 225.

The power to regulate commerce between the states is one expressly given in the Constitution to Congress. The Interstate Act was called into being by reason of the making of contracts like the one at bar. Unjust discrimination was one of the chief evils in transportation which Congress attempted to end by this Act, and we see no reason why the Act could not as properly put an end to a contract already working the mischief, as to prohibit the making of one in the future.

The case then comes to this : The plaintiffs seek to enforce a contract which is prohibited by law. The doctrine is element-ary that whenever the plaintiff is compelled, in order to make out his case, to show the illegal contract, he cannot recover. Here the rebate of six dollars is the illegal feature of this contract. This rebate is the precise thing sued for. The plaintiffs are com-pelled to prove that the defendant made an illegal promise to pay as the gist of their right to recover. Such promise is not enforce-able.

*Judgment for defendant affirmed.*