Donahue, J.
Section 35, Article II of the Constitution of Ohio, as adopted September 3, 1912, authorizes the general assembly of Ohio to pass laws establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, for the purpose of providing compensation to workmen and their dependents, for death, injury, or occupational diseases occasioned in the course of such workmen’s employment.
In pursuance of this authority the general assembly enacted a Workmen’s Compensation Law (103 O. L., 72-92). Section 22 of this act (Section 1465-69, General Code) provided among other things that certain employers under certain conditions might elect to pay individually, or from a benefit fund, department or association, compensation to workmen and their dependents for death or injuries received in the course of employment.
Under the provisions of Section 35, Article II of the Constitution, the general assembly was not required to make any such exception in favor of any employer, but could have required every employer) *127 mentioned in subdivision 2 of Section 13 of that act to pay into the state insurance fund the amount of premium determined and fixed by the state liability board of awards; and, if it could have done this, then undoubtedly it can at any time amend Section 22 of that act by striking out such exceptions in favor of employers of sufficient financial ability to render certain the payment of compensation to injured employes, dr to the dependents of killed employes, and the furnishing of medical, surgical, nursing and hospital attention and services, medicines and funeral expenses equal to or greater than provided in the original act.
It necessarily follows that if the general assembly has the power at any time to withdraw from these employers this privilege to elect to pay such compensation and furnish such services and attention and funeral expenses directly, it can from time to time impose such conditions as in its. judgment seem wise and necessary to safeguard the main purpose and intent, not only of the act itself, but of the constitutional provision under authority of which this law was passed.
It also follows that whoever seeks to avail himself of the benefits of this exception in his favor must comply with the conditions imposed. Verducci v. Casualty Company of America, 96 Ohio St., 260.
While the contract of insurance described in the petition does not provide for any definite term, nevertheless, at the time it was made, it must have been within the contemplation of the parties thereto that they could not by contract limit the power of *128 the general assembly conferred upon it by Section 35, Article II of the Constitution, to withdraw this privilege or to limit it by other and further conditions that would render such contract of indemnity wholly useless to the employer.
The question is in every way analogous to the one arising in the case of Louisville & Nashville Rd. Co. v. Mottley, 219 U. S., 467, in which it was held by the supreme court of the United States that “The power of Congress to act in regard to matters delegated to it is not hampered by contracts made, in regard to such matters by individuals; but contracts of that nature are made subject to the possibility that even if valid when made Congress may by exercising its power render them invalid.” To the same effect is the decision of the supreme court of Vermont in the case of Fitzgerald & Co. v. Grand Trunk Rd. Co., 63 Vt., 169. See also Boyd v. Alabama, 94 U. S., 645; Beer Co. v. Massachusetts, 97 U. S., 25; Stone v. Mississippi, 101 U. S., 814; Butchers’ Union Co. v. Crescent City Co., 111 U. S., 746, and C., B. & Q. Rd. Co. v. Nebraska, 170 U. S., 58.
But the question in this case does not depend merely upon the general authority of the legislature to exercise police powers, but rather directly upon the constitutional grant of power and the further consideration that the privilege granted to certain employers by Section 22 of The Workmen’s Compensation Act, to pay compensation direct, is an exception to the general provisions of that act, in their favor,
*129 There is therefore no reasonable hypothesis upon which to base the theory that a private contract, to continue for an indefinite number of years, could in any way prevent the legislature from withdrawing this privilege or adding other and further conditions.
There is, however, a further provision in Section 22 of the original act that seems to have been overlooked in the argument of this case. That provision (as amended, 107 O. L., 160) reads as follows.: “The industrial commission of Ohio may at any time change or modify its findings of fact herein provided for, if in its. judgment such action is necessary or desirable to secure or assure a strict compliance with all of the provisions of the law in reference to the payment of compensation and the furnishing of medical, nurse, and hospital services and medicines and funeral expenses to injured and the dependents of killed employes.”
The experience of four or more years under this Workmen’s Compensation Law may have demonstrated to the entire satisfaction of this commission that it is necessary or desirable to change or modify its former findings of fact in order to secure or assure a strict compliance with the law, where employers have elected to pay this compensation direct and have later entered into a contract with an indemnity company, by the terms of which, as averred in this petition, “The insurance company * * * agreed to pay to the injured employes of plaintiff such amounts for medical, nurse and hospital services and medicines, and such compensation as were *130 and should be provided by said Act of the General Assembly comprised in Section 1465-41 a to Section 1465-106 General Code of Ohio and amendments thereof, and in the event of death of any of plaintiff’s employes, such amounts as were and should be provided in said Act and amendments thereof for funeral expenses and for compensation to the dependents or those partially dependent upon such employes.”
While Section 54 of the Workmen’s Compensation Law (Section 1465-101, General Code), as it read prior to the amendment of February 16, 1917, undoubtedly permitted the writing of such a contract, nevertheless that section must be construed in connection with Section 22 of the same act, which authorizes the industrial commission to change or modify its findings of fact provided for in that section, whenever in its judgment such action is necessary or desirable to secure or assure a strict compliance with all the provisions of that act.
It therefore follows that the industrial commission would have the power under this provision o£ Section 22 to change or modify its former findings of fact in reference to employers who had elected to pay individually from a benefit fund, department or association, such compensation direct, if it should find that such contracts furnish an opportunity for unfair or fraudulent settlement — and had resulted or might result not only in avoiding a strict compliance with the provisions of the act, but also in some instances defeat its intent and purpose, especially where the injured employe or the dependents of an employe killed in the cours.e *131 of his employment are not fully advised of their rights under Section 27 of this act and Rule 18 adopted by the industrial commission under authority of the act creating that commission.
But the right of the industrial commission of Ohio to change or modify its former findings of fact does not now depend upon this construction of this paragraph of Section 22. The amendment of March 20, 1917, of Section 1465-69, General Code (107 O. L., 159), specifically limits the privilege of electing to pay compensation individually or from a benefit fund, department or association, to those employers “who do not desire to insure the payment thereof or indemnify themselves against loss sustained by the direct payment thereof,” and therefore it becomes the duty of the industrial commission to change or modify its former findings of fact in reference to such employers, and make the same conform to the provisions of the amended section.
This added condition precedent to the exemption of certain employers from the general provisions of the act is not only clearly within the power of the general assembly, but it is in furtherance of the purpose and intent of the constitution and the law, to create and maintain one insurance fund, to be administered by the state, out of which fund compensation shall be paid to workmen and their dependents for death, injuries, or occupational diseases occasioned in the course of employment.
If insurance is desired, the state will furnish it out of the fund created and maintained for that purpose; for it would not only be arbitrary, unfair, *132 and without purpose, to permit some employers, of labor to enter into contracts of insurance with private companies and compel all other employers to contribute to the state insurance fund, but it would also hinder and perhaps utterly demoralize the method and defeat the object and purpose of the creation of such a fund.
This is an action to enjoin the industrial commission of Ohio from revoking, changing or modifying its findings of fact heretofore made by it in reference to the right of this plaintiff and the cross-petitioner to elect to pay compensation direct. Therefore, the question of the constitutionality of Section 1465-101, General Code, as amended February 16, 1917 (107 O. L., 6) or the constitutionality of paragraph 2 of Section 9607-2, General Code, as amended March 21, 1917 (107 O. L., 647), is in no wise important in the disposition of this case. If Section 1465-69, General Code, as amended March 20, 1917, is a valid and constitutional act of the general assembly of Ohio, and applies to all employers of labor mentioned in subdivision 2 of Section 13 of the Workmen’s Compensation Act, then the industrial commission not only has authority, but it becomes its duty to require all employers of labor to bring themselves within the terms and conditions before permitting them to exercise the privilege of election, regardless of the constitutionality of the acts above mentioned.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Johnson, JJ., concur.