KURTZ *v.* SHAWLEY MOTOR FREIGHT CO.

This case is controlled by *Munson* v. *Christie, ante,* 94.

WIEST and EDWARD M. SHARPE, JJ., dissenting in part.

Appeal from Department of Labor and Industry. Submitted October 2, 1934. (Docket No. 28, Calendar No. 37,816.) Decided January 7, 1935.

Andrew J. Kurtz and Anna Kurtz presented their claim against Claud E. Shawley, doing business as Shawley Motor Freight Company, employer, and Commercial Casualty Insurance Company, insurer, for accidental injuries to their son, Andrew J. Kurtz, Jr., sustained while in defendant's employ. Award to plaintiffs. Defendants appeal. Affirmed.

*Smith, Baker, Effler & Eastman,* for plaintiffs.

*Harold S. Knight,* for defendants.

NORTH, J. Decision in the instant case is controlled by the opinion filed herewith in *Munson* v. *Christie, ante,* 94. The award of the department of labor and industry is affirmed. Costs to appellees.

POTTER, C. J., and NELSON SHARPE, FEAD, BUTZEL, and BUSHNELL, JJ., concurred with NORTH, J.

WIEST, J. (*dissenting in part*). This is an appeal from an award to the father and mother, as partial dependents of their son, who was killed while in the employ of the Shawley Motor Freight Company. The fact of dependency is questioned and the amount of the award contested. The department also allowed $200 for funeral expenses, $100 for services

of a doctor for the one day the employee lived after he was injured, $5 for ambulance, $3 for services of a nurse and $30.95 for hospital and nursing services. It is claimed that the mentioned items cannot be allowed dependents.

Plaintiffs lived on a rented farm, with net earnings therefrom of about $200 a year, and had eight children to support. The deceased son was 21 years of age, boarded at home and, when working for the defendant freight company, paid for his board and made contributions to his parents in cash and, when not so working, he worked on the farm, was paid in part for his services and donated the rest in aid of his parents. The evidence sustained the finding of partial dependency of the parents.

The department awarded plaintiffs $5.12 per week as partial dependents. Plaintiffs testified to contributions by their son to them, in money and services on the farm, in aid of their means of support. The department accepted such testimony, found the extent and value of the aid and computed the allowable percentage for partial dependency.

Counsel for defendants makes a counter computation resulting in $4.66 per week.

The difference between the computations amounts to 46 cents and may be accounted for by conclusions drawn by the department from the evidence and concessions at the hearing. We find no reason for reducing the award.

The statute (2 Comp. Laws 1929, § 8420 [part 2, § 4, of the compensation act]), provides:

"During the first ninety days after the injury the employer shall furnish, or cause to be furnished, reasonable medical, surgical and hospital services and medicines when they are needed."

This case involves only death benefits to the dependents of the employee.

The statute (2 Comp. Laws 1929, § 8428 [part 2, § 12, of the compensation act]) provides for death benefits and method of computation thereof, ''exclusive of medical, surgical and hospital services and medicines furnished as provided in section four hereof, equal to the full amount which such dependents would have been entitled to receive under the provisions of section five hereof, in case the accident had resulted in immediate death.''

Part 2, § 5 (2 Comp. Laws 1929, § 8421), provides:

''If death results from the injury, the employer shall pay, or cause to be paid, subject, however, to the provisions of section twelve hereof,'' to the partial dependents according to a designated method of percentage computed on the basis solely of earnings of and contributions by the employee.

It will be observed that the sections of the act, above quoted, confine the award to partial dependents to a percentage of the earnings of and contributions to them by the employee. The statute obligates the employer, for a time after the employee receives an injury, to provide him with needed care and stand the expense thereof. This obligation was unknown at common law, and exists solely by the statutory provision. The obligation is to the employee and, therefore, personal and, if he applies for compensation, the expense may be included in the award to him but, if he dies, the obligation of the employer is in no respect changed into an obligation in behalf of his partial dependents, to be enforced in an award under the compensation act. Had the legislature so intended it would have been easy to have so provided. The act leaves the obligation personal to the injured employee and, if not performed

at his death, it follows the course of other personal rights and passes to his estate. The dependents of an employee, during his lifetime, are in no sense deemed parties in interest to any of his rights under the compensation act. It is not until the death of the employee that the dependents can be heard at all.

The department was in error in awarding the mentioned expenses, personal to the employee, to the dependents and the award thereof should be vacated.

Funeral and burial expenses are, of course, not personal to a deceased employee and the statutory obligation of the employer to pay the same, but not exceeding $200, stands on a different footing, and provided for in part 2, § 8, of the act (2 Comp. Laws 1929, § 8424), as follows:

"If death results from the injury the employer shall pay, * * * in addition to the indemnity paid to dependents, the reasonable expense of his last sickness and burying, which shall not exceed two hundred dollars, in addition to any sum the employer may be required to pay under the provisions of section four of part two of this act."

This section expressly singles out the reasonable expense of the last sickness and burial, and authorizes an award therefor, not exceeding $200, in addition to the indemnity paid to dependents, without any deduction therefrom for performance, or any addition thereto for nonperformance of the obligation of the employer to the employee imposed by part 2, § 4.

The award, as modified, should be affirmed, but, on account of the modification, neither party should have costs.

Edward M. Sharpe, J., concurred with Wiest, J.