TOMES *v.* GENERAL MOTORS CORPORATION.

1. STATUTES—CONSTRUCTION OF AMBIGUOUS PROVISION.

   Where an amendatory statute contains an ambiguous provision, some light may be shed on the legislative intent by considering the provisions of the section before it was amended (2 Comp. Laws 1929, § 8420, as amended by Act No. 245, Pub. Acts 1943 and Act No. 325, Pub. Acts 1945).

2. WORKMEN'S COMPENSATION—MEDICAL AND HOSPITAL EXPENSES —DISCRETION OF COMMISSION.

   Under statutory provision that injured employee should be furnished medical, surgical, and hospital services and medicines when needed "for the first 6 months after the injury and thereafter for not more than an additional 6 months in the discretion of the commission," an award for reimbursement for medical and hospital expenses incurred some 18 months after the injury was properly made by the compensation commission of the department of labor and industry since the additional 6 months need not be within 12 months from the date of the injury (2 Comp. Laws 1929, § 8420, as amended by Act No. 325, Pub. Acts 1945).

3. SAME—REIMBURSEMENT FOR MEDICAL AND HOSPITAL EXPENSES— DISCRETION OF COMMISSION—SPECIAL ORDER NOT A CONDITION PRECEDENT.

   The workmen's compensation act does not require that an employee seeking reimbursement for medical and hospital expenses incurred later than 12 months from date of injury must first obtain a special order of the commission, it being left to the discretion of the commission as to whether or not the employee shall be reimbursed for such expenses incurred by him after the first 6 months after the date of injury (2 Comp. Laws 1929, § 8420, as amended by Act No. 325, Pub. Acts 1945).

4. SAME—MEDICAL AND HOSPITAL EXPENSES—DISCRETION OF COM-
MISSION—WRITTEN REQUEST FOR REIMBURSEMENT.

In employee's proceeding to recover reimbursement for medical
and hospital expenses, incurred more than 12 months after
date of injury was received, where hearing before deputy com-
missioner was had at which defendant was represented by
counsel, the question of reimbursement was heard by the dep-
uty and, on appeal, by the full commission, with ample op-
portunity for defendant to make objections thereto and no
question raised regarding time of giving notice to the employer
or the time within which claim for compensation must be filed,
and there is no dispute as to the necessity for the hospital and
medical services furnished to plaintiff or as to reasonableness
of amount of such expense, defendant was not prejudiced by
failure of plaintiff to make a written request therefor, which
under the circumstances, was not a condition precedent to the
exercise by the commission of its discretion to make order for
reimbursement (2 Comp. Laws 1929, § 8420, as amended by
Act No. 325, Pub. Acts 1945).

Appeal from Department of Labor and Industry.
Submitted April 10, 1947. (Docket No. 50, Calendar
No. 43,632.) Decided May 16, 1947.

James Tomes presented his claim for compensa-
tion against General Motors Corporation, Chevrolet
Grey Iron Foundry Division, for injuries sustained
while in its employ. Award to plaintiff which in-
cluded reimbursement for medical and hospital serv-
ices. Defendant appeals. Affirmed.

*I. W. Ruskin,* for plaintiff.

*Henry M. Hogan (E. H. Reynolds, G. W. Gloster*
and *R. V. Hackett,* of counsel), for defendant.

BOYLES, J. The workmen's compensation com-
mission awarded plaintiff reimbursement for sur-
gical and hospital services which were incurred by

plaintiff approximately 18 months after the date of a compensable injury. The defendant appeals, claiming that the applicable statute limits the right to reimbursement for medical, surgical and hospital services to the first 12 months after the injury. See Act No. 10, pt. 2, § 4, Pub. Acts 1912 (1st Ex. Sess.) (2 Comp. Laws 1929, § 8420), as last amended by Act No. 325, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 8420, Stat. Ann. 1946 Cum. Supp. § 17.154). The applicable part of said part 2, § 4, provides:

"The employer shall furnish, or cause to be furnished, reasonable medical, surgical, and hospital services and medicines when they are needed, for the first 6 months after the injury and thereafter for not more than an additional 6 months in the discretion of the commission, upon written request of the employee to the commission and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon. * * * If the employer shall fail, neglect or refuse so to do such employee shall be reimbursed for the reasonable expense incurred by or on his behalf in providing the same, by an award of the commission."

In March, 1944, plaintiff sustained a compensable injury to his knee, applied for and was granted compensation. No question is here raised as to such award of compensation. At a hearing before a deputy commissioner, the testimony showed that the defendant had failed or neglected to provide medical, surgical and hospital services for the injured knee, that 18 months after the injury the plaintiff consulted his own doctor, was hospitalized, and a surgical operation performed on the injured knee. His expenses were $160 for doctor bill and $99.89 for hospital bills. The deputy denied reimbursement. The plaintiff appealed to the full commis-

sion and on review the award of the deputy was reversed and plaintiff awarded reimbursement. From this award the defendant now appeals. The controlling question is whether the statute allows reimbursement to an employee for surgical and hospital services incurred after the expiration of 12 months from the injury.

The statute is not without ambiguity, and since the amendment in 1945, it has not been construed by the Court. Plaintiff claims that it does not limit the time to 12 months from the injury, for which the employer may be required to furnish surgical and hospital services. The defendant claims that the additional 6 months' period begins to run at the expiration of the first 6 months from the injury, and that the commission has no authority to award reimbursement unless the services were performed within that time. Some light may be shed on the question by considering the provisions of this section as they were before it was amended by Act No. 245, Pub. Acts 1943, by which act the time during or for which an employer was required to furnish medical, surgical and hospital services was changed from "*during* the first 90 days after the injury," to "*for* the first 6 months after the injury and thereafter *for* not more than an additional 6 months." This same amendment was followed and re-enacted in Act No. 325, Pub. Acts 1945, at which time the last sentence of section 4, part 2, was added. Prior to the 1943 amendment it provided as follows:

"During the first 90 days after the injury the employer shall furnish, or cause to be furnished, reasonable medical, surgical and hospital services and medicines when they are needed." Act No. 10, pt. 2, § 4, Pub. Acts 1912 (1st Ex. Sess.), as amended by Act No. 64, Pub. Acts 1919 (2 Comp. Laws 1929, § 8420 [Stat. Ann. § 17.154]).

Obviously the legislature by the 1943 and 1945 amendments intended to extend the time *for* which an employer may be required to furnish medical, surgical and hospital services to an injured employee, and not merely the time *during* which such liability exists. While the maximum period of such liability is 12 months—the first 6 months after the injury and an *additional* 6 months *thereafter*—the statute. does not require that the two periods must be consecutive. Whether an employee should be allowed reimbursement for medical, surgical and hospital services, for, some additional 6 months' period, subsequent to the first 6 months, is left to the discretion of the commission. This phrase, taken in its entirety, must be considered to mean that an employer shall furnish, or cause to be furnished, reasonable medical, surgical and hospital services and medicines for the first 6 months after the injury, and that. the commission, in its discretion, may require the employer to furnish such services for not more than an additional 6 months thereafter, not necessarily limited to 12 months from the injury.

In this case plaintiff's injury occurred March 18, 1944. Between that date and April 22d, plaintiff went to defendant's first aid several times for treatment. The injured knee became swollen and plaintiff made this condition known to the defendant in May, to explain absences from work. He was told at defendant's first aid station to consult his own doctor. He finally did so, and the hospital and medical services for which plaintiff seeks reimbursement were incurred in September, 1945, at which time an operation was performed on the injured knee for a fractured cartilage. Plaintiff's application for compensation for total disability was filed October 18, 1945. It did not specifically ask for "an ad-

justment of attorney or medical fees," that part of the application blank being left unanswered. The deputy awarded compensation but denied reimbursement for medical and hospital expenses. On appeal, the commission awarded compensation for total disability for various periods of time between March 18, 1944, and October 18, 1945, and, also, reimbursement for hospital and medical expenses.

The final question urged by appellant for reversal is that plaintiff is not entitled to the award for reimbursement for medical and hospital expenses because no written request therefor was made to the commission. Doubtless the appellant by this question intends to claim that an employee has no right to an award for medical and hospital expenses incurred after the expiration of 6 months from the date of the injury unless the employee has first applied to the commission and obtained an order authorizing the incurring of such additional services. Orderly procedure under section 4, part 2, of the act, *supra,* contemplates such practice. Such a preliminary order was required by the statute laws and by judicial construction of the same in Pennsylvania, Missouri and Oklahoma, in the cases cited by appellant (*Pickens* v. *State Workmen's Insurance Fund,* 140 Pa. Sup. 258 [13 Atl. (2d) 896]; *Johnson* v. *Kruckemeyer,* 224 Mo. App. 351 [29 S. W. (2d) 730]; *Gleason* v. *Brashear Freight Lines, Inc.* (Mo. App.), 188 S. W. (2d) 72; *Oklahoma Portland Cement Co.* v. *Frazier,* 184 Okla. 321 [87 Pac. (2d) 328]). However, the compensation law of this State does not require that there must first be a "special order" of the commission, as in Missouri, or an order "requiring the employer to furnish such further services," as in Pennsylvania, as a condition precedent to reimbursement for medical and hospital expenses. On the contrary, it is left to the discre-

tion of the commission whether the employee "shall be reimbursed" for such reasonable expense if the employer shall "fail, neglect or refuse" to furnish such additional services.

In the instant case, at the hearing before the deputy where defendant was represented by counsel, testimony regarding such reimbursement was received without objection, and the question of such reimbursement was heard by the deputy; and on appeal was reviewed by the full commission. Appellant had ample opportunity "to file objections thereto and to be heard thereon," as said section 4, part 2, requires. No question has been raised regarding the time of giving notice to the employer or the time within which claim for compensation must be filed. There is no dispute as to the necessity for these hospital and medical services furnished to plaintiff, or as to reasonableness of the amount of expense. The defendant has not been prejudiced by the failure of plaintiff to make such written request to the commission. Under these circumstances we feel that a written application to the commission is not a condition precedent to the exercise by the commission of its discretion to make an order for reimbursement.

The award is affirmed, with costs.

CARR, C. J., and BUSHNELL, SHARPE, REID, and NORTH, JJ., concurred with BOYLES, J. DETHMERS, J., concurred in the result. BUTZEL, J., did not sit.