LAHTI v. FOSTERLING.

1. Workmen's Compensation—Purpose of Act—Construction of Amendment.

The original aims and purposes of the workmen's compensation act must be examined in order to understand the rights of the parties involved in proceeding to recover compensation benefits provided for by an amendatory act (CLS 1956, § 412.4).

2. Same—Purpose of Act—Actions—Hospital and Medical Expense—Support During Incapacity.

The workmen's compensation act was originally adopted to give employers protection against common-law actions and to place upon industry the expense of hospital and medical bills of the injured employee and the burden of making a reasonable contribution to the sustenance of that employee and his dependents during the period of incapacity.

3. Same—Medical and Hospital Expenses—Retroactive Amendment.

The amendment of the workmen's compensation act whereby the 2-year maximum was removed from medical and hospital expense clause did not afford the injured employee a new cause of action but merely expanded the remedies then in effect and operated retroactively to apply to claims which had arisen prior to the amendment (CL 1948, § 412.4, as amended by PA 1955, No 250).

4. Statutes—Construction of Amendment.

An amendatory act has a repealing force, by the mechanics of legislation, different from that of an independent statute,

References for Points in Headnotes

[1, 4] 58 Am Jur, Workmen's Compensation § 26 et seq.
[2, 12] 58 Am Jur, Workmen's Compensation §§ 2, 9.
[3, 11, 13, 14, 16] 58 Am Jur, Workmen's Compensation § 33.
[5] 50 Am Jur, Statutes § 468.
[6, 7, 8] 11 Am Jur, Constitutional Law §§ 377, 378.
[10] 50 Am Jur, Statutes § 210 et seq.
[15] 58 Am Jur, Workmen's Compensation § 45.

repugnancy not being an essential element of implied repeal of specifically amended sections, since the original ceases to exist and the section as amended supersedes the original and becomes a part of the statute for all intents and purposes as if the amendment had always been there and the portions carried over have their force from the new act and not the former.

5. SAME—AMENDMENT—SAVING CLAUSE.

The effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place.

6. SAME—VESTED RIGHTS.

A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it.

7. SAME—VESTED RIGHTS—REPEAL.

There can be no vested right in an existing law which precludes its change or repeal.

8. SAME—RESTORATION OF REMEDY.

No right is destroyed when the law restores a remedy which had been lost.

9. ACTION—WORKMEN'S COMPENSATION—RESTORATION OF LOST REMEDY.

The remedy of an employee for *full* recovery for medical and hospital expenses due to injury received arising out of and in the course of employment, was lost under the workmen's compensation act until amendment lifting restriction to 2-year maximum was enacted, and such enactment merely effected the restoration of a lost remedy (CL 1948, § 412.4, as amended by PA 1955, No 250).

10. STATUTES—RESTORATION OF REVOKED REMEDY.

The legislature may restore a remedy it had theretofore revoked.

11. SAME—INTENT OF AMENDMENT—RETROACTIVE EFFECT.

Courts must look to the facts and circumstances surrounding the adoption of an amendatory act to determine whether or not the legislature intended it to be retroactive.

12. WORKMEN'S COMPENSATION—PURPOSE OF ACT.

The workmen's compensation act is a remedial one, enacted primarily for the benefit of the man who works in the pursuits subject to its provisions.

13. Same—Amendment—Increase of Burden on Employer—Retroactive Effect.

The legislature has the power to increase the burden on the employer for disability or expenses occurring or continuing after the date of an enactment of an amendment of the workmen's compensation act, even though the accident which gave rise to the disability or expenses had occurred prior to that time, since the act is an exercise of the police power and the amendment, even though it affects the due process of law and impairment of contract clauses, would not be unconstitutional (CL 1948, § 412.4, as amended by PA 1955, No 250).

14. Statutes—Amendment—Construction—Retrospective Effect.

A court is reluctant to interpret statutes retrospectively but does do so when the amendment applies to remedies and not to substantive law.

15. Workmen's Compensation—Contracts—Amendment of Statute.

Parties to a contractual relationship, entered into subject to the workmen's compensation act do so with the knowledge of the right and power of the legislature to enact any new law relating to the subject matter, not in conflict with any constitutional provision, and must be presumed to have agreed to any such change.

16. Same—Amendment of Act—Retroactive Effect—Removal of Restriction of Medical and Hospital Expense.

The substitution of an expansion of existing remedies by way of removal of limitation to 2 years as period during which an employer is required to pay injured employee's medical and hospital expenses was within the power of the legislature and since no vested right or contractual right exists that prohibits the legislature from making a change in remedies afforded the employees under the workmen's compensation act, it is construed as applicable to employee who was injured prior to time amendment was effective (CL 1948, § 412.4, as amended by PA 1955, No 250).

Dethmers, C. J., and Carr and Kelly, JJ., dissenting.

Appeal from Workmen's Compensation Appeal Board. Submitted April 8, 1959. (Docket No. 21, Calendar No. 47,766.) Decided November 24, 1959. Rehearing denied January 4, 1960.

John Lahti, by Alma Lahti, his guardian, presented his claim against Clinton Fosterling, employer, and Employers Mutual Liability Insurance Company, insurer, for additional and continuing medical expense under statute amended subsequent to injury. Claim disallowed. Plaintiff appeals. Reversed and remanded.

*Aaron Lowenstein,* for plaintiff.

*Davidson & Clancey (Walter L. Hansen,* of counsel, *Frank E. Cooper,* of counsel on application for rehearing), for defendants.

KAVANAGH, J. John Lahti was injured on October 4, 1954, while working as a wood-cutter for the defendant employer. A spruce tree cut by him fell against a dead poplar which broke off and struck his head. He was a bed patient from that time until his death on February 10, 1958. He suffered a comminuted and compound fracture of the skull, permanent paralysis, loss of speech, and inability to consume food in the natural manner, and was totally and permanently disabled, requiring continuous and substantial medical, nursing, and hospital care.

The expense of the continuous hospitalization and medical care was voluntarily assumed by the defendants through October 4, 1956, a period of 2 years, or 4 six-month periods from the date of the injury. Compensation at the regular rate was also paid plaintiff.

On October 25, 1956, an application for hearing and adjustment of claim was filed. The application indicated that the only person dependent upon John Lahti on the date of injury was Alma Lahti, his wife.

The hearing referee found, after a hearing, that the employee did receive a personal injury arising

out of and in the course of his employment and ordered payment of compensation at the rate of $34 per week until the further order of the department. He also ordered "that said defendants shall reimburse said employee for all medical care furnished to and made necessary because of his injury for a period of 24 months immediately following October 4, 1954." The referee further found that "defendants have paid or caused to be paid to the plaintiff or his guardian all of the medical bills which they are obligated to pay in this cause."

Plaintiff took the matter to the appeal board. The award of the hearing referee was affirmed. Application for leave to appeal to this Court was granted.

Two questions are presented to this Court for decision:

(1) "Is appellant's right to payment of medical and hospital expenses fixed by the statute in effect at the time of the injury?"

(2) "Does the fact of voluntary payment of medical and hospital expenses by appellees, without requiring appellant to first make written application to the commission therefor, during the first 2 years following the injury give appellant a right to recover further compensation for medical and hospital expenses?"

At the time of the injury on October 4, 1954, part 2, § 4, of the workmen's compensation law provided, insofar as is relevant here, as follows:

"The employer shall furnish, or cause to be furnished, reasonable medical, surgical, and hospital services and medicines when they are needed, for the first 6 months after the injury and thereafter for not more than 3 additional 6 month periods in the discretion of the commission, upon written request of the employee to the commission for each period and after the employer or his insurer has been given an opportunity to file objections thereto

and to be heard thereon." (CLS 1954, § 412.4 [Stat Ann 1950 Rev § 17.154].)

Pursuant to the above section, defendants furnished medical and hospital care to John Lahti for a period of 2 years immediately following his injury.

Effective June 25, 1955, part 2, § 4, of the workmen's compensation law was amended* to provide as follows:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of this State as legal, when they are needed, for the first 6 months after the injury and thereafter for such additional 6 month periods as the commission may in its discretion order. Such additional 6 month periods shall be granted only upon written request of the employee to the commission for each period and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon." (CLS 1956, § 412.4 [Stat Ann 1957 Cum Supp § 17.154].)

Plaintiff contends that the 1955 amendment is retroactive in effect and that the appeal board could, in its discretion, grant plaintiff further medical care. Plaintiff bases this claim on the fact that the amendment is remedial, that it is intended to correct an existing injustice, that it does not create a new cause of action, that the elimination of the restriction limiting medical benefits to 4 six-month periods was merely the removal of a statutory defense, and that, therefore, the amendment has retroactive effect.

It is the defendants' contention that the right to compensation becomes fixed at the time the cause

---

* PA 1955, No 250.—REPORTER.

of action accrues and that subsequent amendments will not operate to either enlarge or cut down such rights. In support of this theory they cite *Allen* v. *Kalamazoo Paraffine Co.*, 312 Mich 575; *Tarnow* v. *Railway Express Agency*, 331 Mich 558, and other cases in which this Court dealt with weekly benefits paid under the workmen's compensation law.

· Defendants cite the case of *Dornbos* v. *Bloch & Guggenheimer, Inc.*, 326 Mich 626, as authority for the position that medical and hospital bills are compensation. They also cite *Munson* v. *Christie*, 270 Mich 94, and *Kurtz* v. *Shawley Motor Freight Co.*, 270 Mich 112, which cover sick benefits and death benefits.

In the *Dornbos Case* Justice CARR ruled that hospital and medical services are within the term compensation as the term is used in the statute of limitations in part 2, § 15, of the act.*

It is to be noted that in all of these cases this Court has emphasized that such benefits are a form of compensation for some purposes but not necessarily for all.

All of these cases are decided upon the theory that rights vested at the time of injury, and since the workmen's compensation act is statutory, and since the employment is based upon a contract, for the legislature to change the remedies would be a violation of the rights of the parties and the contract.

In dealing with the workmen's compensation act. it is necessary occasionally to bring ourselves back to the original aims and purposes of the act in order to better understand the rights of the parties involved. Naturally, in the construction of the act over a great many years, some unfortunate language has crept into opinions, which, by process of repeti-

* See, currently, CLS 1956, § 412.15 (Stat Ann 1957 Cum Supp § 17.165).—REPORTER.

tion, has become looked upon as the proper construction of the act.

The act was originally adopted to give employers protection against common-law actions and to place upon industry, where it properly belongs, not only the expense of the hospital and medical bills of the injured employee, but place upon it the burden of making a reasonable contribution to the sustenance of that employee and his dependents during the period of time he is incapacitated from work. This was the express intent of the legislature in adopting this law.

Justice NORTH, writing in *Munson* v. *Christie,* 270 Mich 94, 97–99, said:

"Consideration of the act discloses that insofar as it provides for remedial action, it concerns only 2 classes of persons—employers and employees, the latter term being used in its broader sense as including dependents. *City of Grand Rapids* v. *Crocker,* 219 Mich 178. Herein we are concerned only with employers and employees who are under the workmen's compensation law. All rights and remedies provided by the act are to be asserted and obtained through the commission created by the act. Part 3, § 16 (CL 1929, § 8455).* In no other forum can such rights or remedies be considered and determined. This necessarily follows because employers and employees who are under the terms of the act may not resort to common-law actions to secure adjudication of rights and liabilities arising from industrial accidents. Part 3, § 16. As to employers and employees under the act 'the right to compensation or damage' incident to an industrial injury suffered by an employee is restricted to such as the act provides. It appears from the title the act is one providing that as against the employer the injured employee and his dependents have no rights

* See, currently, CL 1948, § 413.16 (Stat Ann 1950 Rev § 17.190).—REPORTER.

and can enforce no liability except those provided in the act. We need not read beyond the title of the act to find this intent and purpose of the legislature clearly expressed. In the body of the act this provision reads:

" 'If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.' Part 6, § 1 (CL 1929, § 8478).*

"See, also, part 3, § 16.

"The workmen's compensation act by legislative fiat fixes the rights and liabilities of employers and injured employees and provides a means or forum for determining such rights and liabilities in cases of controversy between employers and injured employees or their dependents. The primary purpose of this legislation is to secure to the injured employee, and in the event of his death resulting from such injury, to his dependents, compensation which the legislature believed should be a charge upon the industry and made payable through the employer."

During the years, with the development of industry and the employment of larger and larger numbers of employees in the business world, the legislature has progressively, even if slowly, kept the act up to date by meeting the changing conditions and requiring industry to assume its share of the new responsibilities. The employers who were happy to be relieved of the old liabilities have sought by

* Part 6, § 1 is currently, CL 1948 § 416.1 (Stat Ann 1950 Rev § 17.212).—Reporter.

legalistic approach of narrow and limited construc-
tion of the act to defeat its humanitarian purposes.

One of the changes made through the years was
the adoption, effective June 25, 1955, of the amend-
ment to part 2, § 4, of the act (CLS 1956, § 412.4
[Stat Ann 1957 Cum Supp § 17.154]) so that the
commission, in its discretion, might order the pay-
ment of medical, surgical, and hospital services and
medicines for a longer period of time than under
the old act. This new amendment did not afford
the employee a new cause of action, but merely ex-
panded the remedies then in effect. As was said
by Justice BUSHNELL in *Rookledge* v. *Garwood,* 340
Mich 444, 453, in dealing with a similar amendment:

"There can be no doubt that the legislature, in
enacting this amendment, intended to remedy an
existing injustice."

Justice BUSHNELL then went on to say (p 454):

"At the same time it is not amiss to recognize
the wisdom of the legislature in remedying a situa-
tion which had become detrimental to the public in-
terest.

"The legislature, in adopting the new section 15,*
completely abolished the prior section and must,
therefore, have intended that the amendment to the
act would have sufficient retroactive effect to apply
to claims which had arisen prior to the enactment.
\*   \*   \*   The intent thus expressed by legislative
action should not be altered by judicial construc-
tion."

This Court in *People* v. *Lowell,* 250 Mich 349, 354–
356, said:

"An amendatory act has a repealing force, by the
mechanics of legislation, different from that of an
independent statute. Repugnancy is not the essen-

---

* CLS 1956, § 413.15 (Stat Ann 1957 Cum Supp § 17.189).—RE-
PORTER.

tial element of implied repeal of specifically amended sections. The rule is:

" 'Where a section of a statute is amended, the original ceases to exist, and the section as amended supersedes it and becomes a part of the statute for all intents and purposes as if the amendments had always been there.' 25 RCL, Statutes § 159, p 907.

\* \* \*

"Nevertheless, the old section is deemed stricken from the law, and the provisions carried over have their force from the new act, not from the former. 1 Lewis' Sutherland Statutory Construction (2d ed), § 237.

"It is plain from the authorities in this State and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment 'to read as follows.' It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the legislature."

Justice Carr writing in the case of *Johnson* v. *Motor City Sales·Corp.*, 352 Mich 56, citing *Rookledge* v. *Garwood,* 340 Mich 444, as authority for construction of the particular amendment of the workmen's compensation law then under consideration, said (p 62):

"The scope and construction of the amendment were considered by this Court in *Rookledge* v. *Garwood,* 340 Mich 444, it being there held that the amendment was remedial in character and retroactive in its operation."

The question of determining what is a vested right has always been a source of much difficulty to all courts. The right which defendants claim sprang from the kindness and grace of the legisla-

ture.  It is the general rule that that which the legislature gives, it may take away.  A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it.

This Court in *Harsha* v. *City of Detroit,* 261 Mich 586, 594 (90 ALR 853), said:

"There can, in the nature of things, be no vested right in an existing law which precludes its change or repeal."

In the case of *Evans Products Co.* v. *State Board of Escheats,* 307 Mich 506, 545, this Court quoted with approval from *Campbell* v. *Holt,* 115 US 620 (6 S Ct 209, 29 L ed 483), as follows:

" 'The authorities we have cited, especially in this court, show that no right is destroyed when the law restores a remedy which had been lost.' "

The remedy petitioner seeks here would have existed under the common law, but was lost to him under the workmen's compensation act until such time as the present amendment went into effect, and by the amendment this remedy was restored to him.  The legislature had the authority to revoke this remedy and, therefore, certainly had the authority to restore it when it saw fit to do so.  In the absence of an express intent to make the amendment prospective only, courts must look to the facts and circumstances surrounding the adoption of the amendment to determine whether or not the legislature intended it to be retroactive.

The nature of the workmen's compensation act has been passed upon by this Court on numerous occasions, and in the case of *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 189, the Court said:

"The statute is a remedial one, enacted primarily for the benefit of the man who works in the pursuits subject to its provisions."

Outside of the State of Michigan, New York, in the case of *Matter of Hogan* v. *Lawlor & Cavanaugh Co.*, 286 App Div 600 (146 NYS2d 119), dealt with a provision of the workmen's compensation law where the act in 1932, at the time of the occurrence of the accident, provided that the employer was not liable for medical treatment or medical expenses incurred after the bringing of a third-party action by the injured employee, even though the recovery in the third-party action turned out to be insufficient to cover all such expenses. Furthermore, at that time it was held that medical treatment did not include board, clothing and maintenance provided by a mental hospital in which the claimant was confined for custodial care as the result of the injury. The court there said (p 602):

"Both of these rules were harsh in their operation. They had the effect of relieving the employer of liability for expenses which were unquestionably due to the industrial accident, and throwing the whole burden of such expenses upon the injured employee. In 1944, the legislature decided to remove these inequities from the compensation law."

The amendments took effect on April 1 and April 7, 1944.

The principal question was whether the compensation carrier could be held liable for custodial care of the claimant subsequent to the date of the taking effect of the 1944 amendments, notwithstanding the fact that the accident, as a result of which the claimant had been injured, had occurred prior to that date. The court went on to say (p 603):

"The question is no longer an open one. It was held in *Matter of Metzger* v. *Metzger Press*, 276 App Div 936 (94 NYS2d 220), affirmed 301 NY 781 (96 NE2d 90), that the 1944 amendment to sections 13 and 29 applied to accidents which had occurred

prior to the date of the taking effect of the amendment."

In the *Hogan Case* the appellant argued that it was illegal and unjust to impose liability upon the carrier for custodial care occurring after the 1944 amendments because the insurance premiums collected by it from its insured had been based upon liability of a less burdensome character. The court said (p 604):

"Considerations of that kind are solely for the legislature to weigh, in determining whether to increase the burden of future disability or expenses in pending compensation cases."

The court went on to say (p 604):

"If by the words 'illegal and unjust', the appellant means to question the constitutionality of the statute construed as we have construed it here and as it was construed in the *Metzger Case,* that question was settled in *Matter of Schmidt* v. *Wolf Contracting Co.,* 269 App Div 201 (55 NYS2d 162), affirmed 295 NY 748 (65 NE2d 568). In that case, it was held that the legislature had the power to amend the workmen's compensation law so as to increase the rate of weekly compensation payments to be made thereafter to employees who had been injured prior to the taking effect of the amendment. As this court pointed out in the *Schmidt Case* (p 208), 'The amendment in question was enacted in the exercise of the police power of the State and hence violates neither its constitution nor the Federal Constitution. The principle of workmen's compensation is the promotion of public good.' "

Returning to the *Hogan Case,* the court said (p 604):

"The due process clause of the State and Federal Constitutions does not freeze the burden of compensation liability as of the date of the occurrence

of an industrial accident, beyond the power of legislative change. In carrying out its social purpose, the legislature has the power to increase the burden on the employer for disability or expenses occurring or continuing after the date of the enactment of the amendatory statute, even though the accident which gave rise to the disability or expenses had occurred prior to that time."

In *Matter of Schmidt* v. *Wolf Contracting Co.*, 269 App Div 201 (55 NYS2d 162), the court considered the aims and purposes of the workmen's compensation law in attempting to arrive at the intent of the legislature to apply a retroactive amendment to workmen injured prior to the effective date of the act, held the legislature had the right to so amend, and applied retrospectively the amended provisions. It further stated it was unreasonable to assume that the legislature intended that a workman who suffers injury on one date is any less affected than one injured on a subsequent date of the same year. With reference to the defense that the contract between the employer and its insurance carrier is impaired by such an amendment and that the statute violates the due process clauses of the State constitution and the Constitution of the United States, the court said (pp 207, 208) :

"That argument is without merit. * * *

"Liability under the workmen's compensation law is contractual, the amendment is not thereby violative of the provisions of the Constitution of the United States. The police power of the State may be exercised to affect the due process of law clause as well as the impairment of contract clause of the Federal Constitution.

"The subject matter of workmen's compensation reposes within the control of the legislature.

"A law enacted pursuant to rightful authority is proper, and private contracts are entered into subject to that governmental authority."

Even though it is a dissenting opinion, Justice Hugo L. Black in *Wood* v. *Lovett,* 313 US 362, 382 (61 S Ct 983, 85 L ed 1404), correctly states the rule with respect to the contract clause:

"Societies exercise a positive control as well over the inception, construction, and fulfilment of contracts as over the form and measure of the remedy to enforce them. The accuracy of this statement cannot be questioned by one who reflects upon the extent to which contracts and agreements are a part of the daily activities of our society. For, so nearly universal are contractual relationships that it is difficult if not impossible to conceive of laws which do not have either direct or indirect bearing upon contractual obligations. *Therefore, it would go far towards paralyzing the legislative arm of State governments to say that no legislative body could ever pass a law which would impair in any manner any contractual obligation of any kind.* * * * No attempt has been made to fix definitely the line between alterations of the remedy, which are to be deemed legitimate, and those which, under the form of modifying the remedy, impair substantial rights. Every case must be determined upon its own circumstances. In all such cases the question becomes, therefore, one of reasonableness, and of that the legislature is primarily the judge." (Emphasis supplied.)

Justice SHARPE in the case of *Allen* v. *Kalamazoo Paraffine Co.,* 312 Mich 575, 576, 577, said:

"Defendants offered to pay compensation for the lesser amount and urge on appeal that the right to compensation arises from the contractual relation between the employer and employee; and that the compensation act in force at the time the contractual relations were entered into governs the substantive rights and obligations of the parties.

"We are not in accord with this theory. Defendant company elected to accept the benefit of the act

providing for workmen's compensation as well as such amendments to the act as the legislature might deem proper to make. See *Cooley* v. *Boice Brothers,* 245 Mich 325."

This Court, although reluctant to interpret statutes retrospectively, has done so when the amendment applied to remedies and not to substantive law.

Justice COOLEY in *Gibson* v. *Hibbard,* 13 Mich 214, 219, said:

"As the Constitution does not prohibit the passing of retrospective laws, except when they are of the class technically known as *ex post facto,* congress may unquestionably pass them, even though private rights are affected thereby, unless they are invalid for some other reason than their retrospective character."

In *Peak* v. *State Compensation Commissioner,* 141 W Va 453, 458, 459 (91 SE2d 625), a death case rather than injury, the supreme court of appeals of West Virginia said:

"An act of the legislature, though it have retrospective effect, is not necessarily invalid, and does not, for that reason, come into conflict with any constitutional provision, unless vested, not potential, rights, are disturbed. See *Huntington Water Corp.* v. *City of Huntington,* 115 W Va 531 (177 SE 290); *City of Benwood* v. *Public Service Commission,* 75 W Va 127 (83 SE 295, LRA1915C 261). It is true that this court has held, we believe correctly, that the basis of liability of employers under the workmen's compensation statutes, is contractual. But we can not say that such contractual relationship or liability necessarily precludes a subsequent legislature from effecting changes in the workmen's compensation laws. Those who enter into such contractual relationships do so with knowledge of the right and power of the legislature to enact any new law relating to the subject matter, not in conflict

with any constitutional provision, and must be presumed to have agreed to any such change." .

18 NACCA Law Journal 128 states as follows:

"Furthermore, these same laws which originally modified contracts of employment by substituting workmen's compensation for employers' liability did not except existing contracts from their operation, and their constitutionality has long been established. *New York C. R. Co.* v. *White* (1917), 243 US 188 (37 S Ct 247, 61 L ed 667, LRA1917D 1). If it is constitutional to totally deprive an employee of the right to seek unlimited damages against his employer by prohibition of common-law suits and substitution of a statutory scheme for payment of fixed benefits, surely it cannot be unconstitutional to so amend the benefit scale provisions as to insure that the amounts to be awarded remain sufficient to carry out the purpose for which the substitution was originally made."

Believing as we do that no vested right or contractual right exists that prohibits the legislature from making a change in the remedies afforded employees under the workmen's compensation law, and keeping in mind the express primary purpose of the act to transfer to industry the expense of injuries to employees growing out of and in the course of their employment, it is apparent to us that the legislature intended, as was held in the *Rookledge Case, supra,* to substitute for the existing remedies under the act some expansion thereof. We find from all facts and circumstances that the legislature intended the amendment to be applicable to an existing award entered prior to the effective date of the amendment and intended to allow, upon proper application and proofs, additional medical benefits even though all previous benefit periods had been exhausted. We must hold that those cases in conflict with this position are overruled.

In view of the disposition of this first question, it becomes unnecessary to discuss the other question raised.

The appeal board is reversed and the matter remanded for the entry of relief in accordance with this opinion. Costs in favor of appellant.

Smith, Black, Edwards, and Voelker, JJ., concurred with Kavanagh, J.

Carr, J. (*dissenting*). Plaintiff instituted this proceeding under the provisions of the workmen's compensation law of the State.[*] The question at issue is whether an employee suffering a compensable injury arising out of and in the course of his employment is subject, as to medical and hospital expenses, to the provision of the statute in effect at the time of such disability. The facts are not in dispute, and in submitting the case to the referee, counsel entered into a stipulation relating thereto in lieu of proofs.

It appears that on October 4, 1954, defendant employer was subject to the provisions of the workmen's compensation law, that plaintiff John Lahti was on said date employed in cutting pulpwood, and that plaintiff was seriously injured as the result of being struck by a falling tree. It was further agreed as follows:

"That respondent insurance company has provided, on behalf of said defendant, adequate and reasonable medical, surgical and hospital services and medicines for 4 consecutive 6-month periods beginning on the date of said accident and ending October 4, 1956. Said insurer has further paid the said plaintiff, on behalf of said defendant, the sum

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1950 Rev § 17.141 *et seq.*, as amended]).

of $20 per week as compensation for said plaintiff's wage loss, from October 4, 1954 and continues to pay said sum weekly to plaintiff."

Plaintiff sought an award including payment for medical and hospital services rendered to him subsequent to the expiration of the 24-month period for which such expenses had been voluntarily paid by the employer's insurance carrier. The referee in rendering his decision granted plaintiff compensation at the rate of $34 per week for total disability until further order of the department. Liability for the medical and hospital expenses that had been paid was recognized, but the referee found that defendants had paid to the plaintiff or his guardian "all of the medical bills which they are obligated to pay in this cause." Defendants were also given credit for the compensation that had been voluntarily paid. The workmen's compensation appeal board affirmed the award as made by the referee, and plaintiff has appealed.

At the time plaintiff sustained his disabling injury, part 2, § 4, of the workmen's compensation act, as amended (CLS 1954, § 412.4 [Stat Ann 1950 Rev § 17.154]), read as follows:

"The employer shall furnish, or cause to be furnished, reasonable medical, surgical, and hospital services and medicines when they are needed, for the first 6 months after the injury and thereafter for not more than 3 additional 6 month periods in the discretion of the commission, upon written request of the employee to the commission for each period and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon. The employer shall also supply to such injured employee dental service, crutches, artificial limbs, eyes, teeth, eye glasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from

the effects of the injury. If the employer shall fail, neglect or refuse so to do such employee shall be reimbursed for the reasonable expense incurred by or on his behalf in providing the same, by an award of the commission."

Said section was further amended by PA 1955, No 250, effective June 25, 1955 (CLS 1956, § 412.4 [Stat Ann 1957 Cum Supp § 17.154]). As so amended the section reads:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines or other attendance or treatment recognized by the laws of this State as legal, when they are needed, for the first 6 months after the injury and thereafter for such additional 6 month periods as the commission may in its discretion order. Such additional 6 month periods shall be granted only upon written request of the employee to the commission for each period and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon. The employer shall also supply to such injured employee dental service, crutches, artificial limbs, eyes, teeth, eye glasses, hearing apparatus and such other appliances as may be necessary to cure, so far as reasonably possible, and relieve from the effects of the injury. If the employer shall fail, neglect or refuse so to do such employee shall be reimbursed for the reasonable expense incurred by or on his behalf in providing the same, by an award of the commission."

It thus appears that at the time the plaintiff was injured and became disabled the statute granted him the right to have the expenses of reasonable medical and hospital services incurred by him during the first 6 months after the injury, and thereafter for not more than 3 additional 6-month periods "in the

discretion of the commission," paid by the employer or his insurance carrier. By the amendment of 1955 the commission was authorized to award such payments for additional 6-month periods with no limitation as to the number thereof being imposed. It is the claim of appellant in this case that the referee and the workmen's compensation appeal board were authorized to make a further award covering medical and hospital expenses, notwithstanding that defendants had voluntarily paid for such services in accordance with the statute in effect at the time the disability occurred. The referee and the appeal board declined to accept such interpretation of the law, finding that plaintiff had already received at the time the award was made the maximum amount of payment for medical and hospital services that he was entitled to receive. Mr. Justice KAVANAGH has written to reverse the action of the appeal board and to remand the proceeding "for the entry of relief in accordance with this opinion." We are not in accord with his conclusion. In our opinion the referee and the appeal board correctly determined the question of law involved, and the award as made should be affirmed.

It is not questioned that the right to compensation under the statute is subject to the provisions thereof in effect at the time such right accrues. *Mason* v. *Michigan Trading Corp.*, 308 Mich 702; *Thomas* v. *Continental Motors Corp.*, 315 Mich 27. In the latter case it was said (p 37):

"In the instant case the department awarded dependency compensation in accordance with the statute in effect at the time the disability arose. The department also awarded death benefits (expenses of last sickness and funeral) in accordance with the statute in effect at the time the death of the employee occurred. The awards are affirmed."

In *Tarnow* v. *Railway Express Agency,* 331 Mich 558, plaintiff employee's injury was sustained in October, 1938. He was paid compensation for approximately 10 weeks, at the expiration of which period he returned to work. His physical condition became worse, however, with the lapse of time, and in September, 1949, he filed an application for hearing and adjustment of his claim for compensation. Under a 1943 amendment to the statute, if applicable, the claim was barred, such amendment precluding the allowance of compensation for more than 1 year prior to the date of filing same. In said case the beginning of such 1-year period was subsequent to the expiration of the compensable period of 500 weeks as prescribed by the statute. In consequence, the question was squarely presented as to whether the amendment of the statute subsequent to plaintiff's injury controlled with reference to his right to an award of further compensation. On behalf of defendant it was contended, as in the case at bar, that said amendment related to procedure rather than to a substantive right and should, in consequence, be given a retroactive effect. This Court, in rejecting such claim, said, in part (pp 565, 566):

"The amendment here in question may not be regarded as wholly procedural in character, as defendant contends. Obviously its effect, if so applied under the facts before us in this case, would result in taking from the plaintiff a right which the statute, in force at the time of his injury, granted to him. There is nothing in the amendment in question here indicating that the legislature intended any such possible result. In other words, there is nothing to overcome the presumption that prospective operation only was intended. It seems obvious that the purpose of the amendment was to limit the amount of recovery in certain cases. Such result must follow in any instance where the statute in its present form

is invoked to defeat recovery, partially or wholly, and is applicable. The amendment may not be regarded as relating merely to procedure, nor may it be classed as remedial legislation. Under the general rule followed by this Court in the cases above cited, it should not be given a retroactive effect in the instant case."

In accordance with the conclusion indicated in the opinion, the award to plaintiff was affirmed. We believe the *Tarnow Case* was correctly decided and that an amendment to the workmen's compensation law enacted after the disability occurred and affecting the right to an award or the amount thereof is not applicable, if giving it effect would bar or decrease an award to an injured employee, or would create or increase liability on the part of the employer. The provisions in effect at the time the right to compensation accrues are controlling.

This brings us to a consideration of the question as to whether the payment of expenses for medical and hospital services furnished to an injured employee is to be regarded as compensation. It will be noted that the provisions of the statute relating to such expenses are in part 2 thereof, which deals with the subject of compensation. The title of the statute, likewise, indicates that the purpose of the legislature in enacting the law was "providing compensation for the disability or death resulting from occupational injuries or disease or accidental injury to or death of employees." It appears from the provisions of the act that the purpose thereof was to allow the payment of compensation to the employee in accordance with the provisions of the enactment for loss of earning ability, for the expense of medical and hospital services incurred as the result of a compensable disability, and for funeral expenses in certain cases. In *Munson* v. *Christie,* 270 Mich 94, 99, it was said:

"The 'compensation' provided for the employee and his dependents is not only the award in lieu of prospective earnings which the employee loses in consequence of his injury, but 'compensation' in its broader sense as used in this statute includes what may be termed sick benefits for the 90-day period next ensuing the accident and 'in addition' it includes in the event of his death as a result of the injury, the expense of his last sickness and burial, this latter item being limited to $200. These provisions for his care during the first 90 days and for the expense of last sickness and burial are clearly compensation to the employee and his dependents in that they are thereby saved from and compensated for the burden and expense to which they or some of them presumably would otherwise be subjected. While it is true that in some instances in the workmen's compensation act the expression 'compensation' is not used in this broad sense and that the respective phases of compensation are specifically referred to in other terms, still consideration of the act as a whole leads to the conclusion that in order to carry out the legislative intent and to properly construe the act, 'compensation' recoverable by the employee and his dependents must usually be understood in its broader sense."

In *Michigan Boiler & Sheet Iron Works* v. *Dressler,* 286 Mich 502, the question was raised whether funeral expenses were to be considered compensation. Commenting thereon, it was said (p 513):

"Defendant finally contends that funeral expenses are not compensation and that therefore they cannot be recovered in this action. Under statutes in effect in other jurisdictions, hospital, medical, and surgical bills have been held to be 'compensation,' recoverable in a suit by an employer against a negligent third party who has injured an employee. *Klotz* v. *Pfister & Vogel Leather Co.,* 220 Wis 57 (264 NW 495); *Bruso's Case,* 295 Mass 531 (4 NE2d 308). We believe it to have been the legislative intent that

funeral expenses should be recoverable as 'compensation' in this particular instance."

In *Dornbos* v. *Bloch & Guggenheimer, Inc.*, 326 Mich 626, certain provisions of the workmen's compensation act were considered, and decisions of this Court and of courts in other States, as well as the supreme court of the United States, were discussed. The conclusion reached was indicated in the following language (p 637):

"Construing the provisions of the statute here in issue in the light of the general purpose of the entire act, and in conjunction with other pertinent provisions indicating the legislative intent, we think a claim for medical and hospital expenses must be regarded as one for compensation and subject accordingly to the prescribed requirements as to the time within which such claim shall be made."

See, also, *Bennish* v. *Cadillac Show Case Co.*, 306 Mich 244, where it was recognized that:

"The date of disability is the controlling factor insofar as the right to medical services is concerned."

In support of his claim that the 1955 amendment should be given retroactive effect in the instant case, counsel for appellant calls attention to *Rookledge* v. *Garwood*, 340 Mich 444. In that case, however, the change in the law made by amendment to part 3, § 15, did not operate to either lessen or increase liability imposed by the provisions of the statute in force and effect at the time of plaintiff's injury. On the contrary, it affected matters relating to procedure. It operated to deprive an alleged tortfeasor of the possible defense of election of remedies, previously existing. There was no vested right in such defense. The *Rookledge Case* was followed in *Horn* v. *Davis Brothers, Inc.*, 340 Mich 460; *Woods* v. *Ford Motor Company*, 342 Mich 518; and *Johnson* v. *Motor City Sales Corporation*, 352 Mich 56.

The case at bar is clearly distinguishable on the facts. Here we are concerned with a subsequent amendment to the law that, if applicable, would permit an increase in the amount of compensation recoverable over and above that provided by the statute in effect when the injury and disability occurred and consequently would impose on the employer a greater measure of liability than was created under the statute in force at the time the right to compensation accrued.

The 1955 amendment did not operate to remove a defense that might be interposed to a claim. The right to compensation rests wholly on the statute, and the legislature in its discretion imposed a limitation in effect at the time plaintiff was injured. It did not, in other words, grant an unlimited right to compensation for medical and hospital expenses. The amendment of 1955 was designed to permit an increase in an award for such expenses. In other words, it contemplated an extension of liability. It affected the substantive rights of the employee with a corresponding increase in the obligation of the employer. That it was intended by the legislature to be prospective in operation is scarcely open to question. Obviously, if given a retroactive effect a like claim may be made as to any amendment to the act changing rates of compensation for loss of earning ability, or compensation otherwise based.

It is further suggested on behalf of appellant that, since the payments made by defendant were voluntary and not made pursuant to an award based on a written request from the plaintiff, they should not be regarded as made in accordance with the statute. The claim is without merit. Defendants may not be penalized because they voluntarily made the payments for medical and hospital expenses necessitated by the injury to plaintiff instead of waiting for an award to be made. Such payments must

be regarded as in compliance with the obligation imposed by the statute, and should be considered accordingly. Their status is the same as that of disability payments voluntarily made, for which credit, as a matter of practice, is properly allowed. This was done in the instant case and apparently is not questioned. See *Marlowe* v. *Huron Mountain Club,* 271 Mich 107, 112; *Tomes* v. *General Motors Corporation,* 318 Mich 168, 173, 174.

Payment by an employer of expenses for hospital and medical services required by an employee as a result of a compensable disability is compensation, and liability therefor is governed by the provisions of the statute in effect at the time of the disability. It is then that the right accrues to the employee with a corresponding obligation on the part of the employer. A subsequent amendment to the law altering the amount of compensation to be paid involves substantive rights and duties, and may not be regarded as merely a procedural change. The previously created rights and obligations of the parties to the instant proceeding were not affected by the 1955 amendment in question. It does not appear that the legislature intended that said amendment should operate retroactively.

The award as made by the referee and sustained by the workmen's compensation appeal board should be affirmed. The questions at issue being matters of public concern, no costs should be allowed.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.