## L E MARLOWE & SONS, LTD v FARNER

Docket No. 92845. Submitted January 20, 1987, at Lansing. Decided April 7, 1987. Leave to appeal applied for.

L. E. Marlowe & Sons, Ltd., sold certain business property to Dean M. Farner and others. Under the terms of the parties' 1978 agreement, the total purchase price of $235,208 was payable in monthly installments with interest at a rate which escalated from nine percent to ten and one-half percent per annum during the term of the loan. In 1985, claiming that the rate of interest was usurious, the purchasers stopped making payments. Marlowe & Sons brought an action in the Oakland Circuit Court, seeking a declaration that the rate of interest, which was by that time at ten and one-half percent, was not in violation of the general usury statute. The trial court, Steven N. Andrews, J., granted defendants purchasers' motion for summary disposition and awarded defendants costs and attorney fees. Plaintiff appealed.

The Court of Appeals *held:*

The defense of usury is not a vested right and, accordingly, may be extinguished by statute after it arises and before it is asserted. In this case, the adoption by the Legislature in 1983 of MCL 438.61(3); MSA 19.15(71)(3), which provided an exemption from the seven percent maximum under the general usury statute for loans extended by any individual, such as plaintiff, to a business entity, such as defendants, precludes a defense of usury. The rates charged by plaintiff are within the fifteen percent maximum set by MCL 438.61(3); MSA 19.15(71)(3).

Reversed and remanded; award of costs and attorney fees vacated.

CONTRACTS — DEFENSES — USURY.

The defense of usury is not a vested right and, accordingly, may be extinguished by statute after it arises and before it is asserted in an action.

*Dennis E. Moffett,* for plaintiff.

REFERENCES

Am Jur 2d, Interest and Usury §§ 256 *et seq.;* 270.
Reformation of usurious contract. 74 ALR3d 1239.

*Chirco, Herrinton, Runstadler & Thomas* (by *Michael J. Sugameli*), for defendants.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Plaintiff appeals as of right from an order granting summary disposition in favor of defendants and awarding defendants costs and attorney fees.

Pursuant to a written contract, on September 5, 1978, plaintiff sold to defendants certain personal business property and a route list. By the terms of the sales agreement, defendants were obligated to make monthly payments on the unpaid balance of the purchase price totaling $235,200, with the unpaid principal balance to bear interest at the rate of nine percent per annum until January, 1980, then ten percent per annum until July 1, 1981, and then ten and one-half percent per annum until fully paid. Defendants signed an affidavit on the date of the sale stating that they acknowledged the Michigan usury laws, that they were making the promissory note for "business purposes" and acknowledging their understanding that an exemption existed pursuant to which the promissory note would be exempt from the usury limitations. Defendants made regular payments in accordance with the agreement until on or about March 11, 1985, at which time the principal balance then owing plaintiff was $104,492.91. At that time, defendants advised plaintiff that the agreed-upon interest rate provided for in the promissory note was usurious and declined to make any further payments.

In November, 1985, plaintiff commenced suit in circuit court seeking an affirmation by the court as

* Circuit judge, sitting on the Court of Appeals by assignment.

to the balance due on the promissory note and a declaration that the note did not violate the usury statute. The complaint also sought a judgment against defendants for the balance due on the note and a foreclosure of plaintiff's lien on the personal property. On May 21, 1986, the trial court granted defendants' motion for summary disposition and, pursuant to MCL 438.32; MSA 19.15(2), awarded defendants costs and attorney fees totaling $4,263.75.

The general usury statute provides for a maximum lawful rate of interest of seven percent per annum. MCL 438.31; MSA 19.15(1). Plaintiff claims on appeal that the general usury statute is inapplicable to the note in question because it falls under the "business entity" exceptions contained in MCL 438.61; MSA 19.15(71) which provides:

(1) As used in this act "business entity" means: (a) A corporation, trust, estate, partnership, cooperative, or association; or (b) A natural person who furnishes to the extender of the credit a sworn statement in writing specifying the type of business and business purpose for which the proceeds of the loan or other extension of credit will be used, but the exemption provided by this act does not apply if the extender of credit has notice that the person signing the sworn statement was not engaged in the business indicated.

(2) Notwithstanding the provisions of the Act No. 326 of the Public Acts of 1966, as amended, being sections 438.31 to 438.33 of the Michigan Complied Laws, but subject to any other applicable law of this state or of the United States which regulates the rate of interest, it is lawful in connection with an extension of credit to a business entity by a state or national chartered bank, insurance carrier, or finance subsidiary of a manufacturing corporation for the parties to agree in writing to any rate of interest.

(3) Notwithstanding the provisions of Act No.

326 of the Public Acts of 1966, it is lawful in connection with an extension of credit to a business entity by any person other than a state or nationally chartered bank, insurance carrier, or finance subsidiary of a manufacturing corporation for the parties to agree in writing to any rate of interest not exceeding 15% per year.

The trial court, focusing on subsections (1) and (2) of the statute concluded that, although defendants qualified as a "business entity" as defined in section (1), the exemption was inapplicable because plaintiff was not one of the institutions enumerated in section (2). Apparently neither counsel nor the trial court were aware of the 1983 amendment to the statute which added subsection (3), which, in our view, is clearly applicable to the note in question. The amendment was enacted some five years after the note was executed but two years prior to defendants' assertion that the interest rate was usurious and three years prior to the trial court's grant of summary disposition.

In *Michigan Mobile Homeowners Ass'n v Bank of the Commonwealth,* 56 Mich App 206; 223 NW2d 725 (1974), lv den 393 Mich 809 (1975), this Court held that the defense of usury is not a vested right and, accordingly, may be extinguished by statute after it arises and before it is asserted. In that case, plaintiffs had commenced a class action suit on behalf of themselves and other purchasers of mobile homes, who financed their purchases by means of a sales contract bearing interest at a rate greater than seven percent per annum and held by the defendant financial institutions, alleging that the interest rates were usurious. During the pendency of the action in the trial court and prior to entry of judgment, 1972 PA 191 was enacted, effective June 21, 1972, which changed certain statutory language and clearly

brought the retail sales of mobile homes within the provisions of the Retail Installment Sales Act, MCL 445.851; *et seq.;* MSA 19.416(101) *et seq.,* and thereby exempt from the general usury statute. In affirming the trial court's grant of summary judgment in favor of defendants, this Court held that any rights held by plaintiffs under the general usury statute were extinguished by the amendment to the Retail Installment Sales Act. Quoting from *Lahti v Fosterling,* 357 Mich 578, 588-589; 99 NW2d 490, 495 (1959), this Court stated:

> The question of determining what is a vested right has always been a source of much difficulty to all courts. The right which defendants claim sprang from the kindness and grace of the legislature. It is the general rule that that which the legislature gives, it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it. [56 Mich App 219-220.]

Similarly, we hold that any defenses under the general usury statute that may have been available to defendants prior to the amendment were extinguished thereby and were unavailable to defendants in this litigation. The order of summary disposition is reversed and the order awarding costs and attorney fees is vacated. In light of our holding we find it unnecessary to address the remaining issue raised by plaintiff on appeal. This case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded. No costs, public question being involved.