H. W. WHARTON et al. v. CITY OF GREENSBORO.

(Filed 5 November, 1908).

**1. Taxation, Limitation Imposed On—Legislative Power—Constitutional Law.**

·The limitation imposed upon cities in creating a bonded indebtedness is by statute, Revisal, sec. 2977, and not 'a constitutional one.

**2. Same—Ratification.**

The Legislature, having the power to impose a general limitation upon the taxing power of municipalities, may ratify a bond issue previously declared invalid by the Courts on that account, and except any particular municipality from the operation of the general law.

ACTION tried by *Webb, J.,* February Term, 1908, of GUILFORD. From the judgment rendered, plaintiff appealed. The facts are fully stated in the opinion of the·Court.

*Shaw & Hines* for defendant.
Plaintiff not represented in this court.

BROWN, J. This action was originally brought to restrain the issuing of certain bonds. The Judge below refused to grant a restraining order to the hearing, and, on appeal, this Court held that the thirty thousand dollars bond issue was illegal because such issue would make the debt of the city in excess of the limitation imposed by sec. 2977 of the Revisal, and, remanded the cause that an injunction might be granted, enjoining the issue of said bonds. *Wharton v. Greensboro,* 146 N. C., 356. The special session of the Legislature, held in 1908, passed an act legalizing the said thirty thousand dollars bond issue, which act is set out in the printed record. ʻ At the February Term, 1908, of Guilford Superior Court, the defendant filed a supplemental answer, setting out the above-mentioned act, and alleging that said act legalized the school bond issue. ˙ The cause came on for final judgment, and it was held by the Court below that the act above men-

tioned had legalized the bond issue, and the Court refused to grant an injunction restraining the city from issuing said bonds. The plaintiff excepted to the ruling of the Court and appealed. This raises the only question presented for our decision.

The bonds in question were declared invalid by the Court, for the sole reason that the debt to be created thereby would exceed the statutory limit provided in sec. 2977 of the Revisal. And, it is to be observed, that such limitation is, in this State, a legislative and not a constitutional limitation.

In the Constitution of many States of the Union there are limitations upon the amount of indebtedness which a municipal corporation may lawfully contract. And it is to be regretted that there is no such wise and protective provision in our Constitution.

As in this State the limitation is legislative only, it follows that the General Assembly can repeal it *in toto,* or except any particular municipality from its operation.

In this case, the defendant had authority, under its charter, to contract the debt, but subordinate to the general law, Revisal, 2977, which we held was not repealed by implication, and, therefore, so much of the issue as was in excess of the limitation, we enjoined. So far as defendant is concerned, and as to this special issue, the limitation is removed by the act of 1908. The question is, can the Legislature subsequently legalize the contract of a municipal corporation which it had no power to make at the time it attempted to do so? The general rule seems to be, that where a municipal corporation has made a contract, not within its statutory powers, but within the powers which the Legislature might have lawfully conferred upon it, the Legislature may subsequently legalize such contract. *Baker v. Seattle,* 2 Wash., 576; *Thompson v. Lee County,* 70 U. S. (3 Wall.), 327; *Single v. Marathon County,* 38 Wis., 364; *Kenoshaw v. Lawson,* 76 U. S (9 Wall.), 477; *Redland v. Brooks* (Cal.), 91, p. 150; Current

Law, Advance Sheets, p. 877; 25 Am. & Eng. Enc., 1228; 6 Am. & Eng. Enc., 942, and cases cited.

The following cases hold that the Legislature by a curative act may subsequently validate the bonds of a municipal corporation issued by it without the power so to do. *Noland County v. State,* 83 Texas, 183; *Knapp v. Grant,* 27 Wis., 147; *Rogers v. Keokuck,* U. S., 18 L. Ed., 74; *Bank v. Brunswick,* 101 U. S., 129; *Deyo v. Otae County,* 37 Fed., 246; *McMullen v. Boyles,* 6 Iowa, 304; *Steines v. Franklin County,* 48 Mo., 167.

Most of the authorities on this question are to be found in the note to *Erskine v. Nelson County,* 27 L. R. A., 696.

From the foregoing authorities it seems to be settled that the Legislature may subsequently legalize any contract of a municipal corporation if it could previously have authorized it. We are of opinion that the bond issue is valid.

We take pleasure in acknowledging our indebtedness to the excellent brief of Judge Shaw, of counsel for the defendant, for the numerous and pertinent authorities cited.

The judgment of the Superior Court is

Affirmed.