HARSHA *v.* CITY OF DETROIT.

1. CONSTITUTIONAL LAW—POWER OF LEGISLATURE TO MAKE AND CHANGE LAW.

Legislative power is authority to make, alter, amend, and repeal laws.

2. SAME—POWER LIMITED ONLY BY STATE AND FEDERAL CONSTITUTIONS.

In this State, legislative power is co-extensive with that of parliament of England, save as limited and restrained by State and Federal Constitutions.

3. SAME—LEGISLATURE MAY NOT LIMIT ITS SUCCESSOR.

One legislature may not limit or restrict power of its successor.

4. CORPORATIONS—POWER TO AMEND OR REPEAL CHARTERS OF PRIVATE CORPORATIONS.

Rule that corporate charters in which no power of amendment or repeal is retained, when accepted, constitute contracts between State and corporation, applies to private corporations only.

5. MUNICIPAL CORPORATIONS—STATE AGENCIES—LEGISLATURE MAY MODIFY CHARTERS.

Municipal corporations are State agencies, and, subject to constitutional restrictions, legislature may modify corporate charters of municipal corporations at will.

6. SAME—CONSTITUTIONAL LAW.

Powers are granted to municipal corporations as State agencies to carry on local government, and State has authority to amend their charters and enlarge or diminish their powers.

7. CONSTITUTIONAL LAW—POWER TO IMPOSE TAXES VESTED EXCLUSIVELY IN LEGISLATIVE DEPARTMENT.

Power to impose taxes is vested exclusively in legislative department of government, and may not be exercised except in pursuance of its authority.

8. SAME—LEGISLATURE HAS POWER TO INCREASE MUNICIPAL INDEBTEDNESS.

Fixing limit of municipal indebtedness is within constitutional power of legislature, which has full power and authority to increase it by general law. ·

9. SAME—LEGISLATURE AUTHORIZED TO REGULATE MUNICIPAL IN-
   DEBTEDNESS.

   Legislature is expressly authorized by Constitution (art. 8, § 20)
   to regulate amount of municipal indebtedness and rate of
   taxation of cities.

10. SAME—IMPAIRMENT OF CONTRACTS.

    Legislature may increase or decrease limit of bonded indebted-
    ness and rate of taxation for municipal purposes, subject to
    prohibition of State and Federal Constitutions that such legis-
    lation shall not operate so as to impair obligation of contracts
    by abrogating or lessening means of their enforcement.

11. SAME—CONTRACT OF BONDHOLDER SUBJECT TO LEGISLATIVE POWER
    TO INCREASE CITY'S POWER TO BORROW.

    Since legislature has power, under Constitution, to increase limit
    of city's power to borrow money and rate of taxation, contract
    of holder of city's bond is subject to said power, and there-
    fore its exercise would be in accordance with said contract and
    not in impairment of its obligation.

12. SAME—STATUTES—POWER TO AMEND OR REPEAL.

    Before statute, particularly one relating to taxation, should be
    held to be irrepealable or not subject to amendment, intent
    not to repeal or amend must be so directly and unmistakably
    expressed as to leave no reason for doubt.

13. SAME—IMPAIRMENT OF CONTRACTS—STATUTES.

    Constitutional provision prohibiting passage of laws impairing
    obligation of contracts may not be construed to prohibit exer-
    cise by legislature of its constitutional powers.

14. SAME—NO VESTED RIGHT PRECLUDING CHANGE OF EXISTING LAW.

    There can, in nature of things, be no vested right in existing
    law which precludes its change or repeal, nor vested right in
    omission to legislate upon particular subject which exempts
    contract from effect of subsequent legislation upon its subject-
    matter by competent legislative authority.

15. SAME—IMPAIRMENT OF CONTRACT—INCREASING POWER OF CITY
    TO BOND—STATUTES.

    Obligation of contract of holder of bond issued by City of
    Detroit subject to limitations imposed by Act No. 279, Pub.
    Acts 1909, *held,* not impaired by enactment of Act No. 126,
    Pub. Acts 1929, and Act No. 1, Pub. Acts 1932 (2d Ex. Sess.),
    increasing power of city to bond, in absence of agreement by
    city that no further bonds would be issued, or that limit of
    bonded indebtedness would not be raised (U. S. Const., art. 1,
    § 10; Const. of Mich., art. 2, § 9).

16. SAME—SURRENDERING POWER OF TAXATION—PURPOSE OF CONSTITUTIONAL PROVISION.

Purpose of constitutional provision prohibiting surrender of power of taxation by grant or contract is to prevent municipalities from granting special rate of taxation to private corporations or exempting from taxation their property for limited time on condition of their locating in particular municipality (Const., art. 10, § 9).

17. SAME—TENDER OF BONDS AND COUPONS IN PAYMENT OF TAXES—STATUTES.

Provision in Act No. 1, Pub. Acts 1932 (2d Ex. Sess.), providing that bonds issued by city in pursuance thereto, and attached coupons, due or to become due, may be tendered in payment of general taxes or special assessments of said city, delinquent or due and payable, in lieu of money, *held*, not violative of constitutional provision prohibiting surrender of power of taxation by grant or contract (Const., art. 10, § 9).

Appeal from Wayne; Miller (Guy A.), J. Submitted January 25, 1933. (Docket No. 161, Calendar No. 37,094.) Decided January 31, 1933.

Bill by Daisy E. Harsha against City of Detroit and others for declaration of rights secured by a bond of the City of Detroit. Bill dismissed. Plaintiff appeals. Affirmed.

*John R. Rood,* for plaintiff.

*Clarence E. Wilcox,* Corporation Counsel, and *Paul T. Dwyer,* Assistant Corporation Counsel, for defendants.

*Hal H. Smith, Archibald Broomfield,* and *Beaumont, Smith & Harris, amici curiæ.*

POTTER, J. Plaintiff, a citizen, resident, and taxpayer of the city of Detroit, a municipal corporation, by bill in equity for a declaratory decree and

injunction, claims she is the holder of a bond of defendant city issued subject to the provisions of Act No. 279, Pub. Acts 1909 (see 1 Comp. Laws 1929, § 2228 *et seq.*), which limited the rate of taxation on the assessed value of the real and personal property in defendant city to 2 per cent. per annum, and limited the power of defendant city to borrow money on the credit of the city to 8 per cent. of the assessed valuation of the real and personal property in the city; that by Act No. 203, Pub. Acts 1911, the limit of the rate of taxation and of bonded indebtedness was continued, but by Act No. 126, Pub. Acts 1929, though the rate of taxation was continued as before, the limit of the defendant city's power to borrow money was raised to 10 per cent. of the assessed valuation of the real and personal property in the city; that the limit of taxation and of bonded indebtedness was not changed by Act No. 1, Pub. Acts 1932 (2d Ex. Sess.), and that Act No. 126, Pub. Acts 1929, and Act No. 1, Pub. Acts 1932 (2d Ex. Sess.), are void as against plaintiff, because they impair the obligation of her contract, evidenced by her bond, in violation of the provisions of the Constitution of this State and of the United States prohibiting the passage of laws impairing the obligation of contracts.

She contends:

"Laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms. This principle embraces alike those laws which affect its construction and those which affect its enforcement or discharge." *Farmers & Merchants Bank* v. *Federal Reserve Bank,* 262 U. S. 649, 660 (43 Sup. Ct. 651, 30 A. L. R. 635).

She seeks decree holding such later legislation void, and injunction against the issuance of refunding bonds under Act No. 1, Pub. Acts 1932 (2d Ex. Sess.), and other relief. Defendants admit the facts, but deny the legislation complained of impairs the obligation of plaintiff's contract. There was decree for defendants. Plaintiff appeals.

The legislative power is the authority to make, alter, amend, and repeal laws. 1 Cooley, Constitutional Limitations (8th Ed.), p. 183. In this State, it is co-extensive with that of the parliament of England, save as limited and restrained by the State and Federal Constitutions. 1 Cooley, Constitutional Limitations (8th Ed.), p. 177; 12 C. J. p. 749. One legislature cannot limit or restrict the power of its successor. 12 C. J. p. 806. The Constitution of this State provides:

"The legislature shall provide by a general law for the incorporation of cities, and by a general law for the incorporation of villages; such general laws shall limit their rate of taxation for municipal purposes, and restrict their powers of borrowing money and contracting debts." Article 8, § 20, Constitution 1908.

"Under such general laws, the electors of each city and village shall have power and authority to frame, adopt and amend its charter and to amend an existing charter of the city or village heretofore granted or passed by the legislature for the government of the city or village and, through its regularly constituted authority, to pass all laws and ordinances relating to its municipal concerns, subject to the Constitution and general laws of this State." Article 8, § 21, Constitution 1908.

Corporate charters in which no power of amendment or repeal is retained, when accepted, constitute contracts between the State and the corporation.

*Dartmouth College* v. *Woodward,* 4 Wheat. (17 U. S.) 518. This rule applies to private corporations only. Municipal corporations are State agencies, and, subject to constitutional restrictions, the legislature may modify the corporate charters of municipal corporations at will. 12 C. J. p. 1031. Powers are granted to them as State agencies to carry on local government. The State still has authority to amend their charters and enlarge or diminish their powers. 1 Cooley, Constitutional Limitations (8th Ed.), p. 393.

"They derive all their powers from the source of their creation, and those powers are at all times subject to the control of the legislature. Such powers, also, in the absence of any constitutional regulation forbidding it, may be enlarged or diminished, extended or curtailed, or withdrawn altogether, as the legislature may determine." *Rogers* v. *Burlington,* 3 Wall. (70 U. S.) 654.

The power to impose taxes is vested exclusively in the legislative department of government, and cannot be exercised except in pursuance of its authority. The levying of taxes is solely the function of the legislature. 37 Cyc. p. 724. Subject to constitutional restrictions, "it must be taken as generally true that the power to tax is limited in extent, in purpose, and in methods only by the will of the State as expressed in its laws." 1 Cooley on Taxation (3d Ed.), p. 178; 2 Smith, Modern Law of Municipal Corporations, § 1477.

Fixing the limit of municipal indebtedness is delegated by the Constitution of this State to the legislature, which has full power and authority to increase it by general law. 44 C. J. p. 1117; 6 McQuillin, Municipal Corporations (2d Ed.), p. 12, § 2366; *Wharton* v. *City of Greensboro,* 149 N. C. 62 (62

S. E. 740). The legislature may regulate the amount of municipal indebtedness and the rate of taxation of cities. It is expressly authorized by article 8, § 20, of the Constitution so to do. Its powers are plenary. It may increase or decrease the limit of bonded indebtedness and the rate of taxation for municipal purposes, subject to the prohibition in the Constitution of this State and of the United States that such legislation shall not operate directly upon contracts so as to impair their obligation by abrogating or lessening the means of their enforcement. *Wolff* v. *New Orleans*, 103 U. S. 358. There is no constitutional provision against changing the limit of bonded indebtedness or limiting the rate of taxation for municipal purposes which in cities under the home rule act obtained when plaintiff acquired her bond. She had no contract with the State or with defendant city that the limit of bonded indebtedness or the rate of taxation for municipal purposes might not be changed. She was bound to know the legislative power of the State over the limit of bonded indebtedness and the rate of taxation for municipal purposes of defendant city contained in the Constitution, and that the legislature possessed full power and authority by legislative action to increase the limit of the defendant city's power to borrow money and the rate of taxation for municipal purposes. Her contract was at all times subject to the right of the State, through its legislative department, to exercise its constitutional powers and functions.

As early as *Dartmouth College* v. *Woodward, supra,* 696, Justice Story pointed out that where the right to alter, amend, or repeal a statute existed, it must be held to be a part of a contract based thereon, and the subsequent exercise of that right would

be in accordance with the contract and could not impair its obligation. This principle has been repeatedly recognized. *Greenwood* v. *Freight Co.,* 105 U. S. 13; *Hamilton Gas Light & Coke Co.* v. *Hamilton City,* 146 U. S. 258 (13 Sup. Ct. 90).

The Constitution of this State provides:

"The power of taxation shall never be surrendered or suspended by any grant or contract to which the State or any municipal corporation shall be a party." Article 10, § 9, Constitution 1908.

In its explanation of the proposed changes in the Michigan Constitution and the reasons therefor, the Constitutional Convention of 1908 said:

"This is a new section and forever prohibits the surrender or suspension of the taxing power of the State or any municipality therein." (2 Debates, Constitutional Convention, p. 1435.)

In *City Commission of Jackson* v. *Vedder,* 209 Mich. 291, it was held (quoting syllabus):

"Under the Constitution (article 8, §§ 20, 21) authorizing the legislature to provide by a general law for the incorporation of cities and to restrict their powers of borrowing, the question of the bonding limits of cities is a legislative one over which they have no control except as provided in the enabling act."

Plaintiff's contract is not impaired unless by the State exercising its legislative power to amend the home rule act by increasing the limit of the restrictions upon cities for borrowing money. The argument in her behalf amounts to saying plaintiff's contract is impaired by the lawful exercise of the legislative power of the State. *Missouri Pacific R. Co.* v. *Kansas,* 216 U. S. 262 (30 Sup. Ct. 330). "The claim of an irrepealable contract cannot be

predicated upon a contract which is repealable."
*Hammond Packing Co.* v. *Arkansas,* 212 U. S. 322
(29 Sup. Ct. 370, 15 Ann. Cas. 645); *Coombes* v.
*Getz,* 285 U. S. 434 (52 Sup. Ct. 435), per Cardozo, J.
Before a statute, particularly one relating to taxation, should be held to be irrepealable or not subject to amendment, an intent not to repeal or amend must be so directly and unmistakably expressed as to leave no reason for doubt. Otherwise the intent is not plainly expressed. *Citizens' Savings Bank* v. *Owensboro,* 173 U. S. 636 (19 Sup. Ct. 530, 571).

The power vested by the Constitution of this State in the legislature to limit the rate of taxation of cities for municipal purposes and restrict their powers of borrowing money and contracting debts is complete in itself and unrestricted. Plaintiff took the bond of defendant city subject to the possibility the legislature might, at some future time when the public interest demanded it, by appropriate legislation, raise the limit of taxation upon the property in the city subject to assessment, and raise the limit upon the bonded indebtedness which might be contracted by defendant city. The constitutional provisions which prohibit the passage of laws impairing the obligation of contracts cannot be construed to prohibit the exercise by the legislature of its constitutional powers. There can, in the nature of things, be no vested right in an existing law which precludes its change or repeal, nor vested right in the omission to legislate upon a particular subject which exempts a contract from the effect of subsequent legislation upon its subject-matter by competent legislative authority. *Fitzgerald* v. *Railroad Co.,* 63 Vt. 169, 173 (22 Atl. 76, 13 L. R. A. 70); *Louisville & Nashville R. Co.* v. *Mottley,* 219 U. S. 467 (31 Sup. Ct. 265).

Plaintiff had no contract with defendant city that no further city bonds would be issued nor that no further indebtedness would be contracted. None that the limit of bonded indebtedness and the rate of taxation of property therein might not be raised. This case is to be distinguished from *Von Hoffman* v. *City of Quincy,* 4 Wall. (71 U. S.) 535; *Antoni* v. *Greenhow,* 107 U. S. 769 (2 Sup. Ct. 91); *Wolff* v. *New Orleans, supra; Louisiana* v. *Pilsbury,* 105 U. S. 278; *Hendrickson* v. *Apperson,* 245 U. S. 105 (38 Sup. Ct. 44), the principles of which were recognized in *Hammond* v. *Place,* 116 Mich. 628 (72 Am. St. Rep. 543), which involved legislation which, in some measure, impaired the ability of a bondholder to obtain payment of his bond; and, from cases like *Smith* v. *Appleton,* 19 Wis. 468, where bonds were issued to refund city indebtedness, under a statute providing no other bonds should be issued until the bonds in question were paid, and a later statute authorizing a subsequent issuance of bonds for railroad purposes was held to impair the obligation of the contract of the holders of the first bonds.

Instead of plaintiff having a contract providing the limit of the rate of taxation of defendant city for municipal purposes could not be raised, and which restricted defendant city's power of borrowing money and contracting debts, the Constitution, the fundamental law of this State, provides such rate of taxation and such restriction on defendant city's power of borrowing money and contracting debts might be raised by the legislature. Plaintiff contracted with reference to this fundamental law, is bound thereby, and the obligation of her contract, evidenced by her bond, was not impaired by the legislature of the State exercising its constitutional

power in passing Act No. 126, Pub. Acts 1929, and Act No. 1, Pub. Acts 1932 (2d Ex. Sess.).

Plaintiff contends that Act No. 1, Pub. Acts 1932 (2d Ex. Sess.), is invalid because it provides as to bonds issued in pursuance of its provisions that the bonds and coupons attached thereto, due or to become due, may be tendered in payment of general taxes or special assessments of the city, delinquent or due and payable, in lieu of money. There is no provision in the Constitution of this State in relation to this subject which it is claimed has any effect upon this provision in the statute, save that quoted above, which provides the power of taxation shall never be surrendered or suspended by any grant or contract to which the State or any municipal corporation shall be a party. This provision found its way into the Constitution because in the early history of the State some corporations had been granted special rates of taxation, and these charter provisions were held to be contracts which could not be impaired by subsequent action upon the part of the State; and municipalities, for the purpose of having industrial corporations located therein, were prone to attempt to exempt their property from taxation for a limited time on condition of their locating in the particular municipality. It has no application to a case like that here involved, where it is sought to provide the evidence of the indebtedness of the city to the bondholder may be received and canceled in payment of the obligation of the bondholder as a taxpayer to the city. It amounts to a set-off of indebtedness by the respective parties. In *McGahey* v. *Virginia,* 135 U. S. 662 (10 Sup. Ct. 972), a similar question was before the supreme court of the United States, and it was said:

"The holders of the coupons of said bonds, whether still attached thereto or separated therefrom, are entitled, by a solemn engagement of the State, to use them in payment of State taxes and public dues. This was determined in *Hartman* v. *Greenhow,* 102 U. S. 672, decided in January, 1881; in *Antoni* v. *Greenhow,* 107 U. S. 769 (2 Sup. Ct. 91), decided in March, 1883; in the *Virginia Coupon Cases,* 114 U. S. 269 (5 Sup. Ct. 903), decided in April, 1885; and in all the cases on the subject that have come before this court for adjudication. This question, therefore, may be considered as foreclosed and no longer open for consideration. It may be laid down as undoubted law that the lawful owner of any such coupons has the right to tender the same after maturity in absolute payment of all taxes, debts, dues and demands due from him to the State."

This principle is recognized in 3 Cooley on Taxation (4th Ed.), § 1252, and by many other cases.

We hold there is nothing in these provisions of Act No. 1, Pub. Acts 1932 (2d Ex. Sess.), which will render such bonds invalid, either as impairing the obligation of plaintiff's contract, or in any other manner that has been suggested to this court. No other questions are raised on this appeal.

Decree affirmed, but without costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.