MOORE v SECRETARY OF STATE

1. AUTOMOBILES—RECOVERY OF LOSSES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTES.

A statute which bars an injured party from recovery of noneconomic losses from the Motor Vehicle Accident Claims Fund does not violate equal protection of the law by the fact that the injured party, a bicyclist struck by a hit-and-run motorist, did not have uninsured motorist protection benefits available to her because no one in her household owned an automobile or a no-fault insurance policy, and, therefore, had no other source for recovery of her noneconomic losses (MCLA 257.1105; MSA 9.2805).

2. AUTOMOBILES—RECOVERY OF LOSSES—MOTOR VEHICLE ACCIDENT CLAIMS FUND—CONSTITUTIONAL LAW—DUE PROCESS—STATUTES —PROPERTY RIGHTS.

A plaintiff, injured when struck by a hit-and-run motorist, is not denied due process of law by a statutory amendment which precludes her recovery of noneconomic losses from the Motor Vehicle Accident Claims Fund where the injury, and therefore her cause of action, occurred after the time of the amendment and the plaintiff thereby had acquired no vested property right in the Fund system as it existed prior to the amendment (MCLA 257.1105; MSA 9.2805).

Appeal from Wayne, Thomas J. Brennan, J. Submitted November 9, 1976, at Detroit. (Docket No. 26174.) Decided January 6, 1977.

Complaint by Sherry L. Moore against Richard H. Austin, Secretary of State, for recovery from the Motor Vehicle Accident Claims Fund of damages for injuries received when she was struck by

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.

a hit-and-run motorist. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Tucker & Barbour* and *Dietrich, Cassavaugh, Fogelson & Perkins* (by *Milton L. Mack, Jr.*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant.

Before: ALLEN, P. J., and T. M. BURNS and BEASLEY, JJ.

PER CURIAM. The facts and legal issues presented by this appeal are substantially identical to those in *Schigur v Secretary of State,* 73 Mich App 239; 251 NW2d 567 (1977), also released today. Plaintiff Moore was struck and injured by a hit-and-run driver while she was riding a bicycle. The plaintiff in *Schigur* was a pedestrian at the time of his accident, but the bicyclist-pedestrian distinction is not material. As in *Schigur,* no one in the plaintiff's household owned a motor vehicle. Consequently, no one in her household owned a no-fault insurance policy.

As in *Schigur,* this plaintiff will be able to recover her "economic" damages from the Assigned Claims Facility created by the no-fault act, MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.,* and especially MCLA 500.3172; MSA 24.13172.

The plaintiff's problem is that she has no one to sue for her "noneconomic" damages.[1] Conse-

---

[1] As we noted in *Schigur,* noneconomic damages may be coextensive with traditional pain and suffering damages or may be limited to the items specified in MCLA 500.3135; MSA 24. 13135. For the sake of consistency, we will use the term "noneconomic damages" throughout this opinion.

quently, she is attempting to sue the Motor Vehicle Accident Claims Fund (the Fund) under MCLA 257.1112; MSA 9.2812. The trial judge granted the defendants' motion for summary judgment.

Plaintiff Moore concedes one issue which was contested in *Schigur*. She admits that the 1974 amendment to MCLA 257.1105; MSA 9.2805 must be read as barring her claim against the Fund established by MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.,* because she will be able to recover "in part" from the Assigned Claims Facility created by MCLA 500.3172, *supra.* However, she argues that, so construed, MCLA 257.1105; MSA 9.2805, is unconstitutional on both equal protection[2] and due process[3] grounds. We will consider those arguments in the order stated.

## I. EQUAL PROTECTION

To the extent that plaintiff's equal protection challenge is identical to the one raised in *Schigur,* we reject her arguments for the reasons stated in that rather lengthy opinion. However, this plaintiff does raise one additional point in support of her equal protection argument. She points out that, if anyone in her household had been in a position to purchase a no-fault insurance policy, that policy *might* have included an optional uninsured motorist coverage provision. Plaintiff's theory is that if a relative in her household had such a policy, she would be able to recover noneconomic damages up to the policy limits from that source. We accept the plaintiff's premise; but we note that its foundation is shaky if it is based upon MCLA 500.3114; MSA 24.13114, since that section applies

[2] US Const, Am XIV, § 1; Const 1963, art 1, § 2.

[3] Const 1963, art 1, § 17.

only to "personal protection benefits" which, as defined by the no-fault act, do not include uninsured motorist coverage.

Plaintiff's argument goes as follows: All those persons injured by identified insured motorists may sue their tortfeasors and, if successful, collect from the tortfeasors' insurance companies. That class includes the great majority of all persons tortiously injured in automobile accidents. But others, like the plaintiff, are injured by unidentified and/or uninsured motorists. Persons in this class will find it either impossible or impractical to sue the persons who inflicted their injuries. However, if they or someone in their household has purchased a no-fault insurance policy *and* has had the foresight to also pay for *optional* uninsured motorist coverage, a limited recovery for noneconomic losses may still be *available.* The plaintiff's argument hinges on the word "available". The insurance laws do not make uninsured motorist coverage mandatory. But the coverage is available to persons who, because they have registered a motor vehicle in this state, have been required by statute to purchase a basic no-fault insurance policy. Plaintiff says that, because she lives in a household which has no car, she alone is left without even a possible recovery for noneconomic losses unless she is allowed to sue the Fund. If MCLA 257.1105; MSA 9.2805, bars her suit, then she says that the statute is unconstitutional on equal protection grounds because, of all those persons wrongfully injured in auto accidents, she alone is left with no possibility of recovering her noneconomic losses.

We treat this issue carefully because of its similarity to the one raised in *O'Donnell v State Farm Mutual Automobile Ins Co,* 70 Mich App 487; 245

NW2d 801 (1976), *lv granted,* 397 Mich 848 (1976). Lack of a car, and consequent lack of a no-fault insurance policy, will almost always be traceable to lack of money. In the final analysis, the plaintiff is arguing that the challenged statute discriminates against persons who do not have enough money to purchase uninsured motorist coverage.[4] So phrased, the present issue reminds us of *O'Donnell,* in which this Court struck down as constitutionally infirm a provision of the no-fault act which reduced insurance company payments for economic losses by any amounts that insureds or their dependents were entitled to receive under government programs, *e.g.,* social security survivors' benefits. Since wealthy persons could purchase life insurance or disability insurance privately, and collect benefits under those policies without suffering a reduction of their no-fault benefits, this Court concluded that it was unconstitutional to reduce the benefits of persons who received additional funds from government programs.

Despite the apparent similarity, we believe that *O'Donnell* is distinguishable and does not control the present case. In both *O'Donnell* and *Bowser v Jacobs,* 36 Mich App 320; 194 NW2d 110 (1971), the effect of the challenged statute was to reduce the amount which the plaintiff would otherwise have been able to receive from a combination of private and governmental sources. The present situation is manifestly different. Here, the plaintiff

---

[4] It is not impossible for persons like the plaintiff to acquire uninsured motorist coverage. Even if insurance companies will not sell no-fault policies to people who do not own cars, that rule can be circumvented by purchasing a "junker" automobile and then purchasing an insurance policy to cover it. The only significant cost involved would be the cost of the insurance policy. But that cost would intimidate a person with little or no money; hence, our conclusion that the plaintiff is alleging discrimination based on economic status.

argues that the Equal Protection Clause required the state to provide her with something which she would otherwise *not* be entitled to receive from either private or governmental sources. We conclude that the *O'Donnell* argument fails here. Having already rejected the plaintiff's other equal protection arguments in *Schigur v Secretary of State, supra,* we conclude that MCLA 257.1105; MSA 9.2805, cannot be struck down on equal protection grounds.

## II. Due Process

Here, the plaintiff argues that, having created the Fund, the Legislature could not constitutionally abolish it without providing some equivalent remedy. Plaintiff cites only the due process guarantee in Michigan's 1963 Constitution.

"No person shall be * * * deprived of life, liberty or property, without due process of law." Const 1963, art 1, § 17.

Before plaintiff may argue that the due process guarantees are violated, she first must demonstrate that she has been deprived of "life, liberty or property". The plaintiff is still living (and) free, so her only possible due process complaint is that she was deprived of a property right. She has not cited any authority for her position that she had some type of property interest in the Fund system as it existed prior to the enactment of the no-fault act. Nor have we discovered any authority for that position.

If the plaintiff's accident had occurred before the challenged amendment to MCLA 257.1105; MSA 9.2805, her cause of action would have accrued on the date of injury and she would have had a vested property right in that cause of action which would

be protected by the constitutional due process provisions. *Grubaugh v City of St. Johns,* 384 Mich 165; 180 NW2d 778 (1970). But clearly no cause of action had accrued by the time the statute was amended in 1974. Nor can we accept the plaintiff's unsupported assertion that she had some sort of property right which required a preservation of the statutory status quo. To the contrary, such authority as there is appears to strongly support the defendant's position. In *Lahti v Fosterling,* 357 Mich 578, 588–589; 99 NW2d 490 (1959), the Supreme Court considered an analogous amendment to the worker's compensation law which limited a claimant's right of recovery. *Lahti* is not perfectly on point. However, we believe that the following quotation is controlling.

"The question of determining what is a vested right has always been a source of much difficulty to all courts. The right which defendants claim sprang from the kindness and grace of the legislature. It is the general rule that that which the legislature gives, it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it.

"This Court in *Harsha v City of Detroit,* 261 Mich 586, 594 [246 NW 849] (90 ALR 853) [1933], said:

" 'There can, in the nature of things be no vested right in existing law which precludes its change or repeal.' "

Since the amendment of MCLA 257.1105; MSA 9.2805 did not affect any vested property right held by the plaintiff, her due process argument has no merit.

For the reasons stated here and in our opinion in *Schigur v Secretary of State, supra,* we affirm the trial court's grant of summary judgment for the defendant.

Affirmed.