Ronnie B. and David M.
WALL, Plaintiffs,

v.

CHERRYDALE FARMS, INC. and
Conveyor Handling Company,
Inc., Defendants.

and

CONVEYOR HANDLING COMPANY,
INC., Cross–Plaintiff,

v.

ROACH MANUFACTURING COR-
PORATION C/O Gay Roach,
Sr., Cross–Defendant.

No. 97–CV–70796–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 8, 1998.

Stuart J. Goldberg, Eastman and Smith, Toledo, OH, for Ronnie B. and David M. Wall.

Dennis M. Goebel, Harvey, Kruse, Westen & Milan, P.C., Oakland, MI, for Conveyor Handling Co., Inc.

Daniel C. Symonds, Blake, Kirchner, Symonds, Macfarlane, Larson & Smith, Detroit, MI, for Roach Manufacturing Corp.

*OPINION AND ORDER GRANTING DEFENDANT CONVEYOR HANDLING COMPANY LEAVE TO NAME CHERRYDALE FARMS, INC. AS A NON-PARTY AT FAULT*

KOMIVES, United States Magistrate Judge.

### I. *Background*

This matter is before the Court on defendant Conveyor Handling Company's motion for leave to name Cherrydale Farms, Inc. as a non-party at fault. Plaintiff Ronnie B. Wall ("plaintiff")[1] was injured while an employee of Cherrydale Farms, Inc. ("Cherry-

dale"). Plaintiff alleges that she was injured while using a conveyor belt system manufactured by Roach Manufacturing Company ("Roach") and sold by Conveyor Handling Company ("Conveyor Handling"). She claims that the conveyor belt system was defectively designed and manufactured and not reasonably safe, and that the alleged defects caused her injuries. Cherrydale was originally named as a defendant in this action, but plaintiff stipulated to its dismissal. Conveyor Handling was not a party to that stipulation.

Conveyor Handling claims that discovery in this action has revealed that Cherrydale (1) failed to instruct and properly train plaintiff on the safe operation and use of the conveyor system which is the subject of this dispute, (2) failed to instruct plaintiff concerning safety rules and procedures, (3) failed to insure that only properly trained personnel could operate and/or use the conveyor system, and (4) failed to enforce safety rules. Thus, Conveyor Handling claims that Cherrydale may be wholly or partially at fault for plaintiff's alleged injuries, and that it has the right to have Cherrydale's percentage of fault assessed by the jury. Therefore, Conveyor Handling seeks leave to identify Cherrydale as a non-party at fault under M.C.L. § 600.2957(1).

Plaintiff filed a memorandum in opposition to defendant's motion. She argues that the "empty chair" provision of M.C.L. § 600.2957 is unconstitutional, because it denies her equal protection of the law, denies her due process, and arbitrarily impedes her right to prosecute her suit. Moreover, plaintiff argues that the denial of these rights is most apparent where, as here, the non-party is the plaintiff's employer and immune from suit due to the exclusive remedy provision of the Workers' Disability Compensation Act, M.C.L. § 418.131.

Plaintiff asserts that the "empty chair" provision fails the rational basis test. She points out that the statute permits a party defendant to identify a non-party, permits that defendant to present evidence regarding

that non-party's fault, and permits the court to instruct the jury to allocate fault to that non-party. Plaintiff complains that the non-party does not actively participate in the discovery process or trial, and is not represented by counsel at either the discovery or trial stage. Therefore, she argues, M.C.L. § 600.2957 as applied gives a party defendant a tremendous procedural advantage in diminishing the allocation of fault against it, and allocating fault to non-parties who are not represented in the action and who have no risk of exposure. She claims that the statute places an almost impossible burden on her to assert her claim, and that it does not bear a fair relationship to the purpose of allocating fault among all potential tortfeasors and is therefore violative of the equal protection clause. Further, plaintiff claims that by allowing fault to be attributed against a non-party employer, which reduces the potential recovery of an injured plaintiff without adequate procedural safeguards, the statute infringes upon the plaintiff's right to due process of the law.

Plaintiff contends that the statute's unconstitutionality is most egregious in cases where the "at fault non-party" is or was plaintiff's employer, immune from suit by plaintiff. She argues that M.C.L. § 600.2957 allows an at-fault employer to "escape" liability altogether for any fault attributed to such employer by the jury, while allowing the employer, at the expense of the injured plaintiff, to be reimbursed for workers compensation expenses. Plaintiff contends that, if the statute's legitimate purpose is to develop a fair result for all the parties, its provisions are not rationally related to that purpose.

On May 11, 1998, a telephonic hearing was held. At the conclusion of that hearing, the matter was taken under advisement and Conveyor Handling was given until May 22, 1998, to file a brief in reply to plaintiff's memorandum in opposition to its motion, in order to address plaintiff's constitutional arguments.

Conveyor Handling filed its reply brief on May 22, 1998. In it, Conveyor Handling argues that statutes carry a presumption of constitutionality, and the burden is on plaintiff to show that the statute violates the due process and/or equal protection clauses. Further, it asserts that the constitution does not create a fundamental right to pursue specific tort actions, and that states may create immunities that effectively eliminate causes of action, subject only to the requirement that their actions not be arbitrary or irrational. Conveyor Handling contends that both equal protection and due process challenges to a state's abolition of a previously created cause of action in tort are subject to a rational relationship analysis. Moreover, it argues that the Michigan statute has certain procedural safeguards: (1) it allows plaintiff to file a cause of action against the allegedly responsible non-party, (2) it provides that the assessment of the non-party's fault does not establish liability against the non-party and cannot be used as evidence of liability in any subsequent proceeding, and (3) it places the burden of proof on the defendant to prove the non-party's fault.

Conveyor Handling points out that before tort reform, when a plaintiff's damages were caused in part by an immune entity such as the government or the plaintiff's employer, the party defendants bore the burden of paying damages for the immune party's negligence. Conveyor Handling asserts that the non-party fault rule simply represents the legislature's determination that the plaintiff should bear the burden of the employer's fault rather than the defendant, and that this is consistent with the purpose of the Workers' Disability Compensation Act[2] and ensures that injured workers recover damages caused solely by third parties.

Further, Conveyor Handling points out that employers who pay workers' compensation benefits retain a lien against the proceeds of third party lawsuits and may intervene as a party plaintiff in such actions, and that if Cherrydale is necessary as a plaintiff and refuses to intervene, it can be made an involuntary plaintiff under Fed.R.Civ.P. 19(a).

---

**2.** Under that Act, injured workers are entitled to workers' compensation benefits and may not sue their employers at law. They may recover only for the negligence of third parties.

## II. *Analysis*

Michigan law after tort reform allows defendants to have the trier of fact apportion fault among all responsible persons, including those who are not parties to the action, to determine the named parties' liability. M.C.L. § 600.2957(1) states:

> Sec. 2957. (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

■ Plaintiff challenges this statute as violative of the due process and equal protection guarantees of the U.S. Constitution and Michigan Constitution.[3] State legislatures are presumed by federal courts to have acted constitutionally in making laws. *Hartford Fire Ins. v. Lawrence, Dykes, Goodenberger, Bower & Clancy,* 740 F.2d 1362, 1366 (6th Cir.1984) (citing *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 809, 89 S.Ct. 1404, 1408, 22 L.Ed.2d 739 (1969)); *Wilson v. Robinson,* 668 F.2d 380, 383 (8th Cir.1981); *Alabama State Federation of Teachers v. James,* 656 F.2d 193, 195 (5th Cir.1981).

### 1. *Due Process*

■ Plaintiff alleges that her due process rights will be violated if the Court grants Conveyor Handling leave to name Cherrydale as a non-party at fault. Procedural due process questions are examined in two steps. First, the Court must determine whether a protected liberty or property interest exists which was interfered with by the state. Second, the Court must decide whether the deprivation of that interest was

in accordance with due process. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (citations omitted); *Tony L. v. Childers,* 71 F.3d 1182, 1185 (6th Cir.1995).

Plaintiff was injured after the effective date of the statute,[4] and she is not claiming that she had a vested right to a remedy which was abolished retroactively. She merely argues that it is a violation of due process for her to be prohibited from recovering damages from party defendants which she is unable to recover from an alleged nonparty at fault, her employer, as she would have been able to do if she would have been injured before the enactment of the new law.

■ "Property interests are not created by the Constitution. Rather, they are created, and their dimensions are defined, by existing rules or understandings that stem from an independent source such as state law." *Resolution Trust Corp. v. Fleischer,* 862 F.Supp. 309, 313 (D. Kan.1994) (citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972)). The *Resolution Trust Corp.* Court held that under *Roth,* federal courts must look to state law to define property interests.

In a case in which a bicyclist was injured by a hit and run driver, the Michigan Court of Appeals held that plaintiff had no vested property interest in the Motor Vehicle Accident Claims Fund as it existed prior to enactment of the No-Fault Act. *Moore v. Austin,* 73 Mich.App. 299, 251 N.W.2d 564, 566 (1977). Plaintiff in *Moore* argued that the abolishment of the Fund violated her due process guarantee as set forth in Michigan's 1963 Constitution. The Michigan Court of Appeals held that before the plaintiff could argue that her due process guarantees were violated, she had to first demonstrate that she was deprived of "life, liberty or property," and that she failed to make that showing. Plaintiff failed to cite any authority for her position that she had some type of property

---

3. There are no reported cases discussing the constitutionality of M.C.L. § 600.2957. Plaintiff alleges violations of both the U.S. Constitution and the Michigan Constitution, but asserts that the rights provided by both are identical.

4. Plaintiff was injured on October 4, 1996 and the effective date of M.C.L. § 600.2957 was March 28, 1996.

interest in the Fund system as it existed prior to the enactment of the No-Fault Act.

> "If the plaintiff's accident had occurred before the challenged amendment to [the statute], her cause of action would have accrued on the date of injury and she would have had a vested property right in that cause of action which would be protected by the constitutional due process provisions. (Citation omitted.) But clearly no cause of action had accrued by the time the statute was amended in 1974. Nor can we accept the plaintiff's unsupported assertion that she had some sort of property right which required a preservation of the statutory status quo." *Id.* 251 N.W.2d at 567.

In reaching its holding, the Michigan Court of Appeals relied on *Lahti v. Fosterling,* 357 Mich. 578, 588–89, 99 N.W.2d 490 (1959). In *Lahti,* the Michigan Supreme Court considered an amendment to the worker's compensation law which limited a claimant's right to recovery:

> The question of determining what is a vested right has always been a source of much difficulty to all courts. The right which defendants claim sprang from the kindness and grace of the legislature. It is the general rule that that which the legislature gives, it may take away. A statutory defense, or a statutory right, though a valuable right, is not a vested right, and the holder thereof may be deprived of it. This Court in *Harsha v. City of Detroit,* 261 Mich. 586, 594, 246 N.W. 849, 851, 90 A.L.R. 853 [ (1933) ], said:
>> 'There can, in the nature of things, be no vested right in existing law which precludes its change or repeal.' *Lahti,* 357 Mich. at 588–89, 99 N.W.2d 490.

■ Similarly, in this case plaintiff's due process argument fails because she has not asserted a protected property or liberty interest interfered with by the state. *See, Hartford Fire Ins.,* 740 F.2d at 1368. ("In tort claims, there is no cause of action and therefore no vested property right in the claimant upon which to base a due process challenge until injury actually occurs.") "The 'Constitution does not forbid the creation of new rights, or the abolition of old

ones recognized by the common law, to obtain a permissible legislative object,' despite the fact that 'otherwise settled expectations' may be upset thereby." *Id.* at 1367 (internal citations omitted). Moreover, plaintiff does not have any fundamental right to recover on a tort claim. "No person has a vested interest in any rule of law entitling him to insist that it shall remain unchanged for his benefit..." *New York Central R.R. Co. v. White,* 243 U.S. 188, 198, 37 S.Ct. 247, 250, 61 L.Ed. 667 (1917). Because plaintiff had no property interest at stake, her right to due process is not violated by . application of M.C.L. § 600.2957.

### 2. *Equal Protection*

Plaintiff also alleges that the statute violates the Equal Protection Clause, which guarantees that similar individuals will be dealt with in a similar manner by the government (state or federal). It "does not reject the government's ability to classify persons or 'draw lines' in the creation and application of laws, but it does guarantee that those classifications will not be based upon impermissible criteria or arbitrarily used to burden a group of individuals." 3 Ronald D. Rotunda & John E. Nowak. *Treatise on Constitutional Law: Substance and Procedure,* § 18.2 at 7 (1992).

■ Plaintiff does not explicitly state how she will be treated differently than other similarly situated persons under the statute. The thrust of plaintiff's equal protection argument is that plaintiffs are being treated less favorably than defendants under the statute, and that this unfavorable treatment is not rationally related to the statutory purpose of allocating fault among all potential tortfeasors. However, under equal protection analysis, plaintiff has to identify "similarly situated" individuals from whom she is being treated differently, and she has not done this. "[I]n order to prove that they are being treated differently than other people who are similarly situated, [plaintiffs] must obviously be able to identify a class of persons to whom they are similarly situated but less favorably treated." *Sector Enterprises, Inc. v. DiPalermo,* 779 F.Supp. 236, 246–47

(N.D.N.Y.1991). In *Sector,* because plaintiffs could not satisfy that "rudimentary requirement of equal protection analysis," they were unable to withstand the defendants' summary judgment motion. *Id.* at 247. Here, plaintiff does not explain how plaintiffs and defendants are similarly situated in the context of this statutory provision. I conclude that their interests are inapposite and that they are not similarly situated. As in *Sector,* plaintiff's equal protection argument fails.

 Even if plaintiff could argue that "plaintiffs" and "defendants" are similarly situated, she fails to show that the statute is wholly arbitrary and irrational in purpose and effect, i.e., that it is not reasonably related to a legitimate legislative purpose. Because the legislation does not involve a suspect classification or a fundamental right, it will be upheld if it is rationally related to a legitimate public purpose, under the "rational basis test." *See, Harrah Ind. School Dist. v. Martin,* 440 U.S. 194, 199, 99 S.Ct. 1062, 59 L.Ed.2d 248 (1979); *Metri El Souri v. Dept. of Social Services,* 429 Mich. 203, 207–209, 414 N.W.2d 679 (1987). To provide equal protection in a case that does not involve grounds for heightened scrutiny, "legislation [must] classify the persons it affects in a manner rationally related to legitimate governmental objectives." *Hartford Fire Ins.,* 740 F.2d at 1371 (quoting *Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981)). Here, the goal of the state legislators is reflected in the House legislation Analysis Section:

> This bill takes a common sense approach to reforming the state's civil justice system. It says, in essence, that defendants should pay their fair share of damage awards and no more. A defendant's percentage share of an award should be equal to the share of fault apportioned to the defendant under the comparative negligence system. The current situation is clearly unfair: a defendant with a small portion of the fault can wind up paying all or a major part of a judgment. The current rule of joint and several liability encourages lawsuits, encourages the search for 'deep pockets' defendants who can be made to pay for the negligence of others. . . .

Allowing the apportionment of fault to 'non-parties', those not involved in the lawsuit, is also a means of providing fair treatment for defendants. Currently, fault is apportioned among the parties to a lawsuit but the fault of a non-party is not taken into account as a means of reducing the liability of an at-fault defendant. This means a party with immunity, or with no assets, or who is beyond the reach of the courts can contribute significantly to an injury but the other defendants in the case must pick up the cost of the non-party's liability. This is clearly unjust and it imposes an unnecessary burden on those identified as 'deep pockets' defendants. House Legislative Analysis Section, House Bill 4508 (Substitute H–6), First Analysis (4–27–95), p. 3.

The "empty chair" provision of M.C.L. § 600.2957 is rationally related to this purpose and is therefore constitutional. For these reasons, plaintiff's equal protection argument also fails. Because plaintiff does not contest that Cherrydale was allegedly a party at fault, and in fact alleged in her Complaint that it was, and because plaintiff has not met her burden to show that the statute is unconstitutional, leave to name Cherrydale as a non-party at fault is granted.

### III. *ORDER*

In accordance with the foregoing analysis, it is hereby ORDERED that defendant Conveyor Handling Company's motion for leave to name Cherrydale Farms, Inc. as a nonparty at fault is GRANTED.

The attention of the parties is drawn to Fed.R.Civ.P. 72(a), which provides for a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).